[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

FILED
U.S. COURT OF APPEALS
ELEVENTH CIRCUIT
JUNE 17, 2009
THOMAS K. KAHN
CLERK

_____

No. 08-17103
Non-Argument Calendar

_____

D.C. Docket No. 06-20710-CV-PCH

LEONARD LOPEZ,
JIMA IBEROAMERICA, S.A.,

 Plaintiffs-Appellants,

versus

RICA FOODS, INC.,

 Defendant-Appellee.

_____

Appeal from the United States District Court
for the Southern District of Florida

_____

(June 17, 2009)

Before BARKETT, PRYOR and COX, Circuit Judges.

PER CURIAM:

Leonardo Lopez and Jima Iberoamerica, S.A. sued Rica Foods, Inc. in March of 2006. Although Plaintiffs initially named other defendants and asserted a variety of claims, including United States securities law claims, their Third Amended Complaint, filed in July of 2008, named only Rica as a defendant and asserted only common law misrepresentation claims.

Approximately three weeks after Plaintiffs filed their Third Amended Complaint, Rica moved to dismiss, arguing in part that Costa Rica was a more convenient forum, and that the Third Amended Complaint should be dismissed based on forum non conveniens. The district court granted the motion to dismiss based on forum non conveniens.

The district court concluded that the motion to dismiss based on forum non conveniens was timely because it was filed soon after the Third Amended Complaint, which was the first complaint that did not assert federal securities law claims that made the application of the forum non conveniens doctrine less likely. (R.7-183 at 3.)

The court found that the first requirement of the forum non conveniens doctrine, the availability and adequacy of an alternative forum, was satisfied. The court noted that Rica had consented to the jurisdiction of Costa Rican courts and had stated that it would accept service of process in Costa Rica. However, to assuage

2

Plaintiffs' fears that Costa Rica would not be an available forum, the court dismissed the case on the condition that a Costa Rican court assume jurisdiction over the claims Plaintiffs were asserting. (R.7-183 at 7-8.)

The district court then turned to an analysis of the public and private interest factors. With respect to the private interest factors, the court noted that the material witnesses were Costa Rican residents, many of whom could only speak Spanish, and the court would not be able to compel the appearance of these witnesses. Additionally, the relevant documents were in Spanish, and most likely in Costa Rica. With respect to the public interest factors, the court concluded that this was a case involving the interests of Costa Rica, and not Florida. Specifically, the Plaintiffs were Costa Rican citizens, and the defendant, Rica, was headquartered in Costa Rica. The court noted that the parties' assets were likely located in Costa Rica, and execution on any judgment would be there. Finally, the court noted that Costa Rican law would likely apply. Even if Florida law applied, the court concluded that the legal theories were simple and a Costa Rican court would be able to apply U.S. law without problem.

Because the court concluded that Costa Rica was an available alternative forum, and that both the private and public interest factors favored litigation in Costa Rica, the court dismissed the suit on the grounds of forum non conveniens.

Plaintiffs now appeal, arguing that the dismissal was an abuse of discretion.

We review a district court's dismissal based on forum non conveniens for an abuse of discretion, and the Supreme Court has offered a gloss on that standard of review. *Piper Aircraft Co. v. Reyno*, 454 U.S. 235, 257, 102 S. Ct. 252, 266-67 (1981). The Court stated that, "where the [district] court has considered all relevant public and private interest factors, and where its balancing of these factors is reasonable, its decision deserves substantial deference." *Id.* (citation omitted).

Plaintiffs first argue that the district court abused its discretion in dismissing the case based on forum non conveniens because the motion to dismiss was not timely made. Plaintiffs concede that no binding precedent in the Eleventh Circuit mandates a time period for filing a motion to dismiss based on forum non conveniens. (Appellant's Br. at 14.) Nevertheless, Plaintiffs argue that because Rica did not move to dismiss based on forum non conveniens until almost two and a half years after the Plaintiffs' original complaint was filed, the motion was dilatory and caused the suit to incur the kind of costs and delay that the application of the forum non conveniens doctrine seeks to avoid. But, the district court considered this argument and concluded that the forum non conveniens doctrine was not as clearly applicable to the case prior to the Third Amended Complaint, because both earlier complaints asserted federal securities law claims. (R.7-183 at 3.) Given the lack of binding precedent in

4

this circuit regarding when a defendant can move to dismiss based on forum non conveniens, and the district court's reasonable consideration of Plaintiffs' arguments regarding the timeliness of the motion, we conclude that the district court did not abuse its discretion in granting the motion to dismiss even though it was filed two and a half years after the initial complaint.

Plaintiffs next argue that the district court abused its discretion because it did not consider the relative advantages of the United States forum. The cases Plaintiffs cite for this proposition, however, do not support their argument. We held in *La Seguridad v. Transytur Line* that, "where the court does not weigh the relative advantages of the respective forums but considers only the disadvantages of one, it has abused its discretion." 707 F.2d 1304, 1308 (11th Cir. 1983) (citation omitted). The district court considered these factors and concluded that the United States suffered many disadvantages as a forum, while Costa Rica enjoyed many advantages. We find no abuse of discretion in the district court's conclusion that Costa Rica was a more advantageous forum.

Plaintiffs next argue that the district court abused its discretion in concluding that Costa Rica was an available forum. Specifically, Plaintiffs argue that Costa Rican courts will not exercise jurisdiction over Rica because it is not registered as a juridical entity. There was evidence before the district court, however, which stated

that Costa Rican courts could exercise jurisdiction over Rica. (R.5-127, Ex. A at 2; R.6-150, Ex. C at 2-11.) The district court did not abuse its discretion in giving greater credence to the evidence that Costa Rica would exercise jurisdiction over Rica, and thus constitute an adequate alternative forum.

Finally, Plaintiffs argue that the district court abused its discretion in balancing the private and public factors, and concluding that Costa Rica was a more convenient forum for the litigation in spite of the presumption of convenience a plaintiff's choice of forum is usually given.

Here, the district court considered all the relevant private and public factors, and its analysis and balancing of the factors was reasonable. We give the district court's conclusion that Costa Rica is the more convenient forum substantial deference.

First, Plaintiffs' argument that the district court did not give plaintiff's choice of forum the deference it was due is not persuasive. Although domestic plaintiffs enjoy a presumption that their choice of forum is convenient, foreign plaintiffs are not entitled to the same presumption. *Leon v. Millon Air, Inc.*, 251 F.3d 1305, 1311 (11th Cir. 2001). The Plaintiffs here, who are Costa Rican citizens, do not enjoy the same strong presumption that domestic plaintiffs enjoy that their choice of forum is convenient.

6

Second, Plaintiffs' objections to the manner in which the district court balanced the private factors are likewise not persuasive. Plaintiffs contend that the district court improperly considered the location of witnesses whose testimony would only be relevant to the federal securities law claims, which were no longer part of the action. Rather, the district court should only have weighed the location of the witnesses to the common law claims plead in the Third Amended Complaint. Additionally, Plaintiffs argue that there is no evidence that any of the documents were located only in Costa Rica. However, there was evidence before the district court that the witnesses in the case were located in Costa Rica and that some of them spoke only Spanish. (R.5-142 at 1-2; R.9-199 at 4-6.) Additionally, there was evidence before the district court that the documents were located in Costa Rica and were all in Spanish and would need to be translated. (R.5-127, Ex. B at 3-4.) Additionally, there was evidence that a United States court would have difficulty compelling the attendance of Costa Rican witnesses and the production of the documents. (R.5-127, Ex. A at 4.) The district court's conclusion, based on the record before it, that the private factors supported a Costa Rican forum was reasonable.

Finally, Plaintiffs' argument that the district court erroneously balanced the public factors is not persuasive. The district court's conclusion that the parties were either Costa Rican citizens or headquartered in Costa Rica, and its conclusion that

7

only one of the alleged misrepresentations occurred in Florida, are reasonable conclusions based on the record before the court. Additionally, the court's conclusion that Costa Rican law will likely govern the claims is reasonable.

The district court's consideration of the relevant private and public factors was reasonable, and its conclusion that Costa Rica was a more convenient forum for this litigation was also reasonable. The district court's dismissal based on forum non conveniens was not an abuse of discretion. We affirm the dismissal.

AFFIRMED.