[PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT
_____

No. 12-13278
_____

D.C. Docket No. 1:06-cv-22748-UU

HENRI GALBERT,
as Personal Representative of the Estate of
Nicolas Massal, deceased, et al.,

Plaintiffs-Consolidated
Plaintiffs,

SYLVIA BAPTE,
individually and as personal representative
of the Estate of Christiane Bapte, deceased,
STEPHANIE ISABELLE BAPTE,
MARYVONNE BAPTE,

Consolidated Plaintiffs-
Appellants,

versus

WEST CARIBBEAN AIRWAYS,
a Colombian corporation,
NEWVAC CORPORATION,
a Florida corporation,
GO 2 GALAXY, INC.,
a Florida corporation,
JAQUES CIMETIER,
Individually,

ASEGURADORO COLSEGUROS, S.A.,
A Colombian corporation,

                                                    Defendants-Appellees,

THE AERONAUTICS OF ASTRONAUTICS
SERVICES, USA, INC., etc., et al.,

                                                    Defendants.

_____

Appeal from the United States District Court
for the Southern District of Florida
_____

(May 6, 2013)

Before DUBINA, Chief Judge, BARKETT and KLEINFELD,[*] Circuit Judges.

DUBINA, Chief Judge:

Plaintiffs-Appellants Sylvia Bapte, Stephanie Bapte, and Maryvonne Bapte

(the "Baptes") appeal the denial of their motion to vacate the district court's

November 2007 order dismissing their claims against Defendants-Appellees West

Caribbean Airways ("West Caribbean"), Newvac Corporation, and Go 2 Galaxy,

Inc. (collectively "Defendants") on *forum non conveniens* grounds.  The Baptes

argue they are entitled to Rule 60(b)(6) relief from the *forum non conveniens* order,

---

[*]Honorable Andrew J. Kleinfeld, United States Circuit Judge for the Ninth Circuit, sitting
by designation.

2

which directed them to file their claims in Martinique, a Department of France, because France is not an available forum. After reviewing the record, reading the parties' briefs, and having the benefit of oral argument, we hold that the Baptes have failed to show they are entitled to Rule 60(b)(6) relief. Accordingly, we affirm the judgment of the district court.

I.

This case arises out of the August 16, 2005, airplane crash in Venezuela of West Caribbean flight 708, while en route from Panama to Martinique. The Baptes are representatives or heirs of a subset of the passengers killed in the crash. West Caribbean is the Columbian corporation that owned the MD-82 aircraft involved in the crash. Aseguradoro Colseguros, S.A. is West Caribbean's insurer. Newvac Corporation and Go 2 Galaxy, Inc., both Florida corporations, entered into a charter contract with West Caribbean to provide air travel to the passengers aboard the MD-82 aircraft.

Plaintiffs originally filed the lawsuit underlying this appeal on November 8, 2006, pursuant to the Convention for the Unification of Certain Rules for International Carriage by Air, May 28, 1999, S. TREATY DOC. NO. 106-45 (1999), 2242 U.N.T.S. 309 (entered into force Nov. 4, 2003) (the "Montreal Convention"), which governs the rights and liabilities of passengers and carriers in international air transportation. Pursuant to the Montreal Convention, the Baptes could have

filed this action in Martinique or the Southern District of Florida; they chose the Southern District of Florida.

In November 2007, after a year of litigation, the district court dismissed the Baptes' complaint on the basis of *forum non conveniens* without prejudice to refile in Martinique, France (the "FNC order"). In the FNC order, the district court first found the *forum non conveniens* doctrine was applicable to the Baptes' lawsuit pursuant to Article 33(4) of the Montreal Convention, which provides, "Questions of procedure shall be governed by the law of the court seised of the case." Next, in applying the *forum non conveniens* factors, the court found that Martinique was an adequate alternative forum, in part because Defendants had stipulated their submission to Martinique's jurisdiction. The court also noted the Baptes did not dispute Martinique was an adequate alternative forum. Finally, the district court found that private and public factors weighed in favor of Martinique, and that the Baptes would be able to reinstate their suit in Martinique without undue inconvenience or prejudice.

On October 8, 2009, this court affirmed the district court's order in full. *See Pierre-Louis v. Newvac Corp.*, 584 F.3d 1052 (11th Cir. 2009). We held that the Montreal Convention did not preclude the application of the *forum non conveniens* doctrine, which "would permit dismissal under the Convention only if the alternative forum was authorized to hear the case under Article 33(1) or (2) and

4

was demonstrably the more appropriate venue." *Id.* at 1058 (internal quotation marks omitted). We also held the district court did not abuse its discretion in finding the *forum non conveniens* factors weighed in favor of Martinique as the more convenient forum for resolution of the Baptes' claims. *Id.* at 1059–61. As part of that analysis, we noted, "Plaintiffs do not challenge the district court's determination that Martinique is an adequate alternative forum or that they can reinstate their suit in Martinique without undue prejudice or inconvenience." *Id.* at 1059. After we affirmed the district court's order, the Baptes filed a motion for rehearing and for a rehearing en banc. We denied both motions. 400 F. App'x 555 (11th Cir. 2009). The Baptes then petitioned for a writ of certiorari, and the Supreme Court denied their petition. – U.S. –, 130 S. Ct. 3387, 177 L. Ed. 2d 303 (2010).

Meanwhile, the Baptes filed separate suits against West Caribbean and Newvac in the Regional Court of Fort-de-France in Martinique. According to the Baptes, these cases were consolidated. When the lawsuits began moving forward, notwithstanding their concession in the district court that Martinique was an appropriate forum, and notwithstanding that the crash-related wrongful death claims of numerous other plaintiffs were being resolved in Martinique,[1] the Baptes challenged the French court's jurisdiction under the Montreal Convention. Among

---

[1] It is unclear whether any person who was originally a plaintiff in the consolidated action in the Southern District of Florida eventually adjudicated his or her claims in Martinique.

5

other things, the Baptes argued that French courts did not have jurisdiction over their Montreal Convention claims because, under Article 33(1),[2] a plaintiff's election of a forum from those available—here, the Southern District of Florida or France—excludes the other forums from exercising jurisdiction.  In other words, because the Baptes had selected the Southern District of Florida in which to file their Montreal Convention claims, they argued the French courts were thereafter barred from exercising jurisdiction over the same claims.

The Regional Court of Fort-de-France rejected the Baptes' argument in August 2009 and referred the case for trial preparation.  The Baptes appealed the jurisdictional finding to the Fort-de-France Court of Appeals.  In June 2010, that court upheld the Regional Court's decision.   In February 2011, the Baptes appealed to the Court of Cassation, or the French Supreme Court.  In December 2011, the Court of Cassation overruled the Regional Court.  It held that because the Baptes had already filed their Montreal Convention claims in the Southern District of Florida, French courts were precluded from ruling on the matter.  It stated Articles 33 and 46 of the Montreal Convention "require[] the plaintiff to have the sole option of deciding on the forum in which the action will be brought, without

_____

[2] Article 33(1) of the Montreal Convention provides:

An action for damages must be brought, at the option of the plaintiff, in the territory of one of the States Parties, either before the court of the domicile of the carrier or of its principal place of business, or where it has a place of business through which the contract has been made or before the court at the place of destination.

6

the possibility of a national rule of procedure thwarting the plaintiff's imperative choice of jurisdiction."  [R. 297-5 at 4.]

In February 2012, the Baptes filed a motion to vacate the district court's FNC order pursuant to Federal Rule of Civil Procedure 60(b)(6).  They argued that the Court of Cassation's ruling rendered Martinique unavailable as an alternate forum in which to bring their claims, and that the FNC order should be vacated accordingly to allow them to resume litigation in the Southern District of Florida. Finding that the Baptes had not made a sufficient showing to warrant Rule 60(b)(6) relief, the district court denied the Baptes' motion.  That order is the subject of this appeal.

## II.

We review a district court's denial of a Rule 60(b) motion for abuse of discretion.  *Seven Elves, Inc. v. Eskenazi*, 635 F.2d 396, 402 (5th Cir. 1981).[3]

## III.

"Federal Rule of Civil Procedure 60(b) sets forth possible bases for relief from a judgment or order.  Grounds for relief include mistake, newly discovered evidence, and fraud."  *Ritter v. Smith*, 811 F.2d 1398, 1400 (11th Cir. 1987).  "By its very nature, the rule seeks to strike a delicate balance between two

---

[3] In *Bonner v. City of Prichard*, 661 F.2d 1206, 1209 (11th Cir. 1981) (en banc), we adopted as binding precedent all decisions of the former Fifth Circuit handed down before October 1, 1981.

7

countervailing impulses:  the desire to preserve the finality of judgments and the incessant command of the court's conscience that justice be done in light of all the facts."  *Seven Elves,* 635 F.2d at 401 (internal quotation marks omitted).

Rule 60(b)(6) is the "catch-all" ground for relief under Rule 60(b). *Ritter*, 811 F.2d at 1400.  It authorizes relief for "any other reason that justifies relief" from a final judgment, order, or proceeding.  FED. R. CIV. P. 60(b)(6).  "Rule 60(b)(6) motions must demonstrate that the circumstances are sufficiently extraordinary to warrant relief," *Cano v. Baker*, 435 F.3d 1337, 1342 (11th Cir. 2006) (internal quotation marks omitted), that is, movants must show that "absent such relief, an 'extreme' and 'unexpected' hardship will result," *Griffin v. Swim-Tech Corp.*, 722 F.2d 677, 680 (11th Cir. 1984) (quoting *United States v. Swift & Co.*, 286 U.S. 106, 119, 52 S. Ct. 460, 464 (1932)).  "Even then, whether to grant the requested relief is a matter for the district court's sound discretion."  *Cano*, 435 F.3d at 1342 (alteration and internal quotation marks omitted).  "It is not enough that the granting of relief might have been permissible, or even warranted"; rather, the decision to deny the motion must have been sufficiently "unwarranted as to constitute an abuse of discretion."  *Seven Elves*, 635 F.2d at 402.  The Baptes therefore "must demonstrate a justification so compelling that the district court was required to vacate its order."  *Cano*, 435 F.3d at 1342 (alteration and internal quotation marks omitted).

8

The Baptes seek to vacate the district court's November 2007 order dismissing their claims on *forum non conveniens* grounds because, based on the Court of Cassation's ruling, Martinique is not an available alternate forum. Prior to the Court of Cassation's apparent conclusion to the contrary, we held that the Montreal Convention does not preclude the use of *forum non conveniens* in United States courts. *Pierre-Louis*, 584 F.3d at 1058. The Court of Cassation's ruling does not abrogate our holding. Moreover, the law of the case establishes that the district court did not abuse its discretion in dismissing the Baptes' claims on *forum non conveniens* grounds. *See id.* at 1059–61. The narrow question on appeal, therefore, is whether the decision of the French Court of Cassation warrants Rule 60(b)(6) relief. For the reasons stated below, we hold that it does not.

The factors a district court must consider before granting a *forum non conveniens* dismissal are whether an adequate alternative forum is available, whether the public and private factors weigh in favor of dismissal, and whether the plaintiffs can reinstate their suit in the alternative forum without undue inconvenience or prejudice. *Leon v. Millon Air, Inc.*, 251 F.3d 1305, 1311 (11th Cir. 2001). Though the Baptes consistently argued that Martinique was an unavailable forum in each of the French courts they encountered—the Regional Court of Fort-de-France, the Fort-de-France Court of Appeals, and the Court of Cassation—they failed to raise that argument to the Southern District of Florida in

2007 during the pendency of Defendants' motion to dismiss.  Indeed, in its FNC order, the district court noted that the Baptes did not dispute the adequacy of Martinique as an alternate forum.  [R. 184 at 7.]  Moreover, in affirming the FNC order, this court noted that the Baptes "d[id] not challenge the district court's determination that Martinique is an adequate alternative forum or that they [could] reinstate their suit in Martinique without undue prejudice or inconvenience." *Pierre-Louis*, 584 F.3d at 1059.  The appropriate time for a plaintiff to argue the unavailability of an alternate forum is in their brief opposing a defendant's motion to dismiss based on *forum non conveniens*.  The Baptes failed to do that in the district court.  They have also not offered any explanation for their failure to argue unavailability at the appropriate time in the Southern District of Florida instead of waiting until they presented their claims to the courts in Martinique.  Thus, the Baptes' motion to vacate appears to be nothing more than an effort to raise arguments in opposition to the *forum non conveniens* dismissal which they failed to raise initially in their opposition to Defendants' motion to dismiss.  Such circumstances are not "sufficiently extraordinary" to warrant Rule 60(b)(6) relief.

## IV.

The Baptes' success in arguing to the Court of Cassation that a plaintiff's initial choice of forum under the Montreal Convention precludes other available forums from exercising jurisdiction over the same claims does not constitute

"sufficiently extraordinary" circumstances to warrant Rule 60(b)(6) relief. The Baptes could have raised the same argument initially in their opposition to *forum non conveniens* dismissal in the Southern District of Florida. Because they failed to do so, possibly for strategy reasons, we conclude that their attempt to raise the argument anew in their motion to vacate must also fail. Accordingly, we affirm the district court's judgment denying the Baptes' motion to vacate the FNC order.

AFFIRMED.