Sonia **DELGADO**, et al., Plaintiffs,

v.

**DELTA AIR LINES, INC.,** Defendant.

Case No. 12–23272–CIV.

United States District Court, S.D. Florida, Miami Division.

Signed Aug. 19, 2013.

Filed Aug. 20, 2013.

Lea P. Valdivia, Podhurst Orseck, P.A., Steven Craig Marks, Podhurst Orseck Josefsberg, et al., Miami, FL, for Plaintiffs.

Christopher G. Kelly, Sarah G. Passeri, Holland & Knight, LLP, New York, NY, Lyndall Molthan Lambert, Holland & Knight, Miami, FL, for Defendant.

### ORDER

DONALD L. GRAHAM, District Judge.

**THIS CAUSE** comes before the Court upon Delta Air Lines, Inc.'s Motion to Dismiss for *Forum Non–Conveniens* and Supporting Memorandum of Law [D.E. 41].

**THE COURT** has reviewed the Motion, pertinent portions of the record, and is otherwise fully advised in the premises.

## I. BACKGROUND

Mrs. Sonia Delgado, Mr. Juan Enrique Delgado, and Mrs. Jacqueline Cabrera (collectively referred to as "Plaintiffs") allege that on or about May 31, 2012, Juan Delgado ("Mr. Delgado") fell down a portable staircase used to allow passengers from Air France Flight No. 695 to disembark from the airplane onto the tarmac at Charles de Gaulle Airport in Paris, France. [D.E. 1]. According to the complaint, the fall caused Mr. Delgado to suffer extensive head trauma, which led to his death in a French hospital shortly thereafter. *Id.*

On September 7, 2012, Plaintiffs brought a wrongful death suit against Defendant Delta Air Lines, Inc. ("Delta") pursuant to the Convention for the Unification of Certain Rules for International Carriage by Air, Done at Montreal May 28, 1999, S. Treaty Doc. No. 106–45, 1999 WL 33292734 (hereinafter cited to as "Montreal Convention")[1]. *Id.* at ¶¶ 4–10. Plaintiffs allege that even though Air France operated the flight from Miami to Paris,

Mr. Delgado purchased his ticket through Delta and, as a result, Delta is bound by the contractual code-share agreement with Air France and is required to accept all responsibility for the entirety of the code-share journey. *Id.* at ¶¶ 15–19.

On July 15, 2013, Delta moved to dismiss Plaintiffs complaint on the basis of *forum non conveniens.* [D.E. 41]. Delta's position is that France is the more appropriate forum for this litigation and Plaintiffs emphatically disagree.

## II. DISCUSSION

### A. APPLICABLE LAW

■ The Court may dismiss an action under the doctrine of *forum non conveniens,* on the grounds that a court abroad is the more appropriate and convenient forum for adjudicating the controversy. *Sinochem Int'l Co. v. Malay. Int'l Shipping Corp.,* 549 U.S. 422, 127 S.Ct. 1184, 167 L.Ed.2d 15 (2007). To succeed, "the moving party must demonstrate that (1) an adequate alternative forum is available, (2) the public and private factors weigh in favor of dismissal, and (3) the plaintiff can reinstate [their] suit in the alternative forum without undue inconvenience or prejudice." *Leon v. Millon Air, Inc.,* 251 F.3d 1305, 1311 (11th Cir.2001) (citing *Republic of Panama v. BCCI Holdings (Luxembourg) S.A.,* 119 F.3d 935, 951 (11th Cir. 1997)). In addition, "a defendant has the burden of persuasion as to all elements of a forum non conveniens [sic] motion, including the burden of demonstrating that an adequate alternative forum is available." *Id.* at 1311.

Moreover, the Parties agree that the Montreal Convention governs the dispute

---

1. The Montreal Convention, effective November 4, 2003, superceded the Warsaw Convention which previously governed claims related to injury or death during international air carriage.

between them. [D.E. 1, 41 at 5]. As noted, the United States of America and France are signatories to the Montreal Convention and are bound by its provisions. *See Pierre–Louis v. Newvac,* 584 F.3d 1052, 1056 n. 5 (11th Cir.2009).

## B. AVAILABILITY & ADEQUACY

"Availability and adequacy are separate issues" and will be addressed separately below. *Aldana v. Del Monte Fresh Produce, N.A., Inc.,* 578 F.3d 1283, 1291 (11th Cir.2009) (citing *Leon,* 251 F.3d at 1311). First, in order for a forum to be "available" to a plaintiff, the foreign court must be able to "assert jurisdiction over the litigation sought to be transferred." *Id.* In the present case, Delta has agreed to submit to jurisdiction in France. [D.E. 41 at 12]. By doing so, Courts have found that this submission to jurisdiction is generally enough to satisfy the availability of the alternative forum. *See Piper Aircraft Co. v. Reyno,* 454 U.S. 235, 254 n. 22, 102 S.Ct. 252, 70 L.Ed.2d 419 (1981) (quoting *Gulf Oil Corp. v. Gilbert,* 330 U.S. 501, 506–07, 67 S.Ct. 839, 91 L.Ed. 1055 (1947)); *Magnin v. Teledyne Continental Motors,* 91 F.3d 1424, 1429 (11th Cir.1996) (finding France was an available forum when the defendants had agreed to French jurisdiction); *Gschwind v. Cessna Aircraft Co.,* 161 F.3d 602, 608 (10th Cir.1998). However, in light of a recent decision from the Cour de Cassation, the French Supreme Court, this Court expresses doubt as to the availability of an alternative forum in France after a *forum non conveniens* dismissal.

In *In re West Caribbean Airways, S.A.,* 619 F.Supp.2d 1299 (S.D.Fla.2007) (Ungaro, J.), there were two issues of first impression before the court: (1) whether *forum non conveniens* was an available procedural tool under Article 33(4) of the Montreal Convention[2]; and (2) whether is was appropriate to dismiss the suit on that basis. *See In re West Caribbean Airways, S.A.,* 619 F.Supp.2d 1299 (S.D.Fla.2007). After an exhaustive analysis, Judge Ungaro held that "the doctrine of *forum non conveniens* [was] applicable in [that] proceeding pursuant to Article 33(4) of the Montreal Convention" and dismissed the case on the basis that Martinique was a more appropriate forum. *Id.* On appeal, the Eleventh Circuit affirmed Judge Ungaro's decision holding that "the Montreal Convention was not a bar to the application of the *forum non conveniens* doctrine and that the district court did not abuse its discretion in applying the doctrine to dismiss the case." *In re West Caribbean Airways, S.A.,* 2012 WL 1884684, *3 (S.D.Fla.2012); *see Pierre–Louis,* 584 F.3d 1052 (11th Cir. 2009).

Post dismissal, certain plaintiffs brought suit in Martinique arguing, oddly enough, that the Court of First Instance in Martinique did not have jurisdiction under the Montreal Convention. *Id.* at *4. After an opinion by the Cour d'Appel, the French Appellate Court, essentially agreeing with

---

**2.** Article 33 of the Montreal Convention sets forth the jurisdictional requirements under the treaty. The relevant portions are listed below:

    1. This paragraph provides that an action for damages under the Convention must be brought, at the plaintiff's option, in the territory of one of the States Party to the Convention before a court of the carrier's domicile or the carrier's principal place of business, the place where the contract was made, or the place of destination of the passenger.

    4. This paragraph, like its predecessor, provides that procedural questions are to be determined by the law of the forum. Montreal Convention, S. Treaty Doc. No. 106–45, 1999 WL 33292734, *23–24 (effective November 4, 2003).

the U.S. District Court and extending jurisdiction after a *forum non conveniens* dismissal, the Cour de Cassation quashed the ruling and expressly disagreed with the U.S. District Court's interpretation that *forum non conveniens* applied to Article 33 of the Montreal Convention. Cour de Cassation [Cass.] [supreme court for judicial matters] le civ., Dec. 7, 2011, Bull. civ. I, No. Q10–30.919 (Fr.). The Cour de Cassation focused on the "option of the plaintiff" language in Articles 33(1) and 46 of the Montreal Convention in concluding that the plaintiff alone has the choice of deciding which forum to bring suit[3]. *Id.* The Cour de Cassation further found that an internal rule of procedure that contradicts the plaintiff's selected forum (i.e. a *forum non conveniens* dismissal) is improper, and once the plaintiff has made a choice of forum, "the other courts designated by the Convention are definitely devoid of the possibility of ruling on the dispute and must consequently waive exercising their jurisdiction." *Id.; see Galbert v. West Caribbean Airways,* 715 F.3d 1290, 1293–94 (11th Cir.2013). Ultimately, the Cour de Cassation "declared the 'unavailability of the French venue.'" *Id.*

By refusing to exercise jurisdiction on the grounds that the plaintiffs initially selected the United States to litigate their claims, the Cour de Cassation stands in direct conflict with the Eleventh Circuit Court of Appeals. This Court is bound by the decisions of the Eleventh Circuit Court of Appeals and will find the doctrine of *forum non conveniens* to be applicable; however, in light of the Cour de Cassa-

tion's position, this Court expresses doubt as to the availability of an alternative forum in France after a *forum non conveniens* dismissal.

Turning now to the "adequacy" of an alternative forum, the Supreme Court held that dismissal may be improper when "the remedy provided by the alternative forum is so clearly inadequate or unsatisfactory that it is no remedy at all." *Leon,* 251 F.3d at 1311 (quoting *Piper,* 454 U.S. at 254, 102 S.Ct. 252). Additionally, a foreign court system need not afford plaintiffs identical relief or causes of action. *Esheva v. Siberia Airlines,* 499 F.Supp.2d 493, 497–98 (S.D.N.Y.2007). As stated above, the Montreal Convention applies in this case and provides the exclusive means of liability assessment and damage recovery. *See El Al Israel Airlines, Ltd. v. Tsui Yuan Tseng,* 525 U.S. 155, 161, 119 S.Ct. 662, 142 L.Ed.2d 576 (1999) (concerning injuries on board the aircraft or in the course of any of the operations of embarking or disembarking, "if not allowed under the Convention, is not available at all."). France and the United States of America are signatories to the treaty and, as a result, the ability to enforce treaty provisions lies within both countries. *See Pierre–Louis,* 584 F.3d at 1056 n. 5; Montreal Convention, Article 33. Moreover, there have been a number of cases finding France to be an adequate forum for wrongful death claims. *See Magnin,* 91 F.3d 1424 (11th Cir.1996); *Gschwind,* 161 F.3d 602 (10th Cir.1998); *Reers v. Deutsche Bahn AG,* 320 F.Supp.2d 140 (S.D.N.Y.2004).

---

**3.** Articles 39–48 are part of additional provisions created at the Guadalajara Convention, to which the United States is not a party. For the sake of completeness, Article 46 is listed below:

  Article 46—Additional Jurisdiction
  [Guada. VIII] This Article adds the actual carrier's domicile or principal place of busi-

ness to the other bases of jurisdiction in Article 33 from which plaintiffs may choose for actions against either or both the contracting carrier and the actual carrier.
Montreal Convention, S. Treaty Doc. No. 106–45, 1999 WL 33292734, *26 (effective November 4, 2003).

In support of its motion, Delta provides an affidavit from Mme. Maylis Casati–Ollier, a practicing attorney in France, explaining the french civil law system as well as claims for wrongful death and recoverable damages. [D.E. 41–1]. Plaintiffs argue that France is inadequate because it would not recognize the pretrial discovery work already accomplished by the parties, most notably the depositions and reports of experts. This Court acknowledges the additional costs Plaintiffs would incur if this case were transferred; however, Plaintiffs concerns about the costs of additional litigation do not factor into an "adequacy" analysis since it is not alleged that the remedy offered by the French forum "amounts to no remedy at all." *Leon*, 251 F.3d at 1311. Therefore, the Court finds France to be an adequate forum.

### C.  Private & Public Factors

The Supreme Court, in *Gulf Oil Corp.*, 330 U.S. 501, 67 S.Ct. 839 (1947), delineated relevant public and private interest factors for courts to consider in deciding whether to dismiss a case under the *forum non conveniens* doctrine. The Court's list included the following:

> Important considerations are the relative ease of access to sources of proof; availability of compulsory process for attendance of unwilling, and the cost of obtaining attendance of willing, witnesses; possibility of view of premises, if view would be appropriate to the action and all other practical problems that make trial of a case easy, expeditious and inexpensive. There may also be questions as the enforceability of a judgment if one is obtained.

*Id.* at 508, 67 S.Ct. 839. Also, there is a strong presumption in favor of plaintiffs' initial forum choice, when plaintiffs are citizens, residents, or corporations of the United States, and they have chosen their home forum. *Piper*, 454 U.S. at 253–55, 102 S.Ct. 252. "Greater deference is due because 'a real showing of convenience by a plaintiff who has sued in his home forum will normally outweigh the inconvenience the defendant may have shown.'" *Gates Learjet Corp. v. Jensen*, 743 F.2d 1325, 1335 (9th Cir.1984)(internal citation omitted).

The present case arose out of an unfortunate incident that occurred at Charles de Gaulle Airport in France. Plaintiffs are residents of Florida and are United States citizens. [D.E. 53]. Plaintiffs elected, pursuant to the Montreal Convention, to bring suit against Delta, a U.S. corporate defendant, in their home forum. *Id.* Hence, Plaintiffs are entitled to the presumption in favor of their initial forum choice. Against this presumption, Delta argues that a "vast majority of witnesses and evidence are located in France" and that their case would be materially prejudiced if this matter is not litigated in France. [D.E. 41]. Specifically, Delta avers that: "the fall occurred in France and involved a French airline regulated by French authorities"; "[e]xtensive testimonial and documentary evidence is beyond this Court's subpoena power, including documents and witnesses relevant to the disembarkation process in France, the subject portable staircase, and the Gendarmerie investigation; eyewitnesses and emergency personnel who responded to the fall; testimonial and documentary evidence from Air France personnel and cabin crew members; eye-witness accounts; and records of the deplaning process and the use of the portable staircases generally at CDG"; and that "[d]amages evidence is also located in France." [D.E. 41 at 7–10]. Delta also notes that many of the witness statements and documents will require translation from French into English. *Id.*

Plaintiffs counter Delta's argument by highlighting the procedural posture of the

case. Plaintiffs contend dismissal is inappropriate because the parties "have litigated this case for a year in Florida," performed substantial discovery concerning the merits of the case (i.e., traveling to France; conducting numerous video depositions of witnesses; participating in mediation; hiring experts; and translating relevant reports into English), "discovery is now closed, and trial is set for September 23rd, 2013." [D.E. 53]. Plaintiffs also note the expense of litigation as well as the possibility of delay if the matter has to be litigated in France. *Id.*

Although there is no binding precedent on the issue of timeliness for a *forum non conveniens* dismissal, the Court finds it quite odd for Delta to wait until the eve of trial before moving for dismissal on this basis. During the year-long pendency of this case, the Parties have had ample time to gather evidence critical to their respective cases—including evidence related to liability and damages. *See Lopez v. Rica Foods, Inc.,* 333 Fed.Appx. 462, 465 (11th Cir.2009); *see also Lony v. E.I. DuPont de Nemours & Co.,* 935 F.2d 604, 608 (3rd Cir.1991). Moreover, the Parties have endured costs related to discovery; the stairs in question have already been repaired and returned to service which alleviates the necessity to view the premises; depositions have been taken to perpetuate testimony of unavailable witnesses; and relevant reports have already been translated from French into English. [D.E. 53, 45 at Exh. 1–2, 6, 8–13, 16]. As a result, the Court finds that the private factors considered in this case do not favor dismissal to an alternative forum.

■ With respect to public factors to be considered on a *forum non conveniens* dismissal, courts have focused on the following:

The administrative difficulties flowing from court congestion; the local interest in having localized controversies decided at home; the interest in having the trial of a diversity case in a forum that is at home with the law that must govern the action; the avoidance of unnecessary problems in conflicts of law, or in the application of foreign law; and the unfairness of burdening citizens in an unrelated forum with jury duty.

*Horberg v. Kerzner Int'l Hotels Ltd.,* 744 F.Supp.2d 1284, 1295 (S.D.Fla.2007) (citing *Piper,* 454 U.S. at 241 n. 6, 102 S.Ct. 252); *Gulf Oil Corp.,* 330 U.S. at 508, 67 S.Ct. 839. Delta maintains that the United States has no interest in this matter and complex choice of law and administrative issues warrant dismissal. The Court is not persuaded by Delta's arguments.

As previously stated, this is a matter between United States citizens and a United States corporation. Although the unfortunate incident that gave rise to this action took place in France, there is no "unfairness of burdening citizens in [a related] forum with jury duty". *Id.* Also, the Parties agree that the Montreal Convention governs the dispute between them. Consequently, the Court's choice of law concerns will be focused on the language of the Montreal Convention itself and the case law interpreting said language. The Court avoids "conducting complex exercises in comparative law" because the application of treaty provisions does not depend on any determination of French law. *Piper,* 454 U.S. at 251, 102 S.Ct. 252. Furthermore, the Montreal Convention has its own internal choice of law directives that generally refer to the governing laws of the particular forum of litigation. *See* Montreal Convention, Art. 29, 33(4), 49, 56, S. Treaty Doc. No. 106–45, 1999 WL 33292734, *22–23, *27–28 (effective November 4, 2003).

Regarding administrative issues, this case has been before this Court since Sep-

tember 7, 2012. [D.E. 1]. Although this Court is tasked to preside over many cases and the Southern District is one of the busiest in the country in terms of case volume, the Court finds no oppressive burden in presiding over a trial that was scheduled in December of 2012. [D.E. 14]; *see generally In re Complaint of Fantome, S.A.*, 232 F.Supp.2d 1298, 1311 (S.D.Fla. 2002). Therefore, the Court finds that the public factors in this case do not merit dismissal.

### D. Reinstatement In The Alternative Forum

Delta asserts that Plaintiffs can reinstate their litigation in France and stipulates to "waive any statute of limitation defense, accept service of process, and submit to jurisdiction of the French courts". [D.E. 41 at 12]. Indeed, the affidavit from Mme. Maylis Casati–Ollier strongly supports this contention. [D.E. 41–1]. However, as mentioned above, in light of the recent decision from the Cour de Cassation, this Court expresses doubt as to the ability of the Plaintiffs to reinstate their suit in France without "undue inconvenience or prejudice" after a *forum non conveniens* dismissal. *Leon*, 251 F.3d at 1311; Cour de Cassation [Cass.] [supreme court for judicial matters] le civ., Dec. 7, 2011, Bull. civ. I, No. Q10–30.919 (Fr.).

### IV. CONCLUSION

Based on the aforementioned, it is hereby

**ORDERED AND ADJUDGED** that Delta's Motion to Dismiss for *Forum Non Conveniens* and Supporting Memorandum of Law [D.E. 41] is **DENIED.**

**DONE AND ORDERED.**