**NOT FOR PUBLICATION**

In the

United States Court of Appeals

For the Eleventh Circuit

_____

No. 24-13760

Non-Argument Calendar

_____

LOUEMMA CROMITY,

*Plaintiff-Appellant,*

*versus*

CITY OF ORLANDO,

*Defendant-Appellee.*

_____

Appeal from the United States District Court
for the Middle District of Florida
D.C. Docket No. 6:22-cv-00924-CEM-EJK

_____

Before NEWSOM, BRANCH, and ANDERSON, Circuit Judges.

PER CURIAM:

Louemma Cromity appeals the district court's order denying her motion to vacate the judgment against her. *See* Fed. R. Civ. P. 60.  The district court granted the City of Orlando's motion for

summary judgment against Cromity and dismissed Cromity's claims of hostile-work-environment racial discrimination, disparate-treatment racial discrimination, and retaliation under Title VII and Florida's Civil Rights Act. Cromity appealed, and we affirmed the district court's judgment. *Cromity v. City of Orlando*, No. 23-14079, 2024 WL 3325920 (11th Cir. July 8, 2024).

Following our affirmance, Cromity filed a *pro se* motion to vacate the judgment against her, arguing that the judgment "was procured through [f]raud on the [c]ourt by the [d]efendant." Pl.'s Am. Mot. to Vacate at 1. Cromity asserted that Orlando misrepresented facts in its underlying summary judgment motion. She also contended that Orlando, as part of a scheme against her, created a conflict of interest for her former attorney. Specifically, she asserted that Orlando's outside law firm, Allen Norton & Blue, P.A., offered legal work to her former attorney in 2022, which she alleged her attorney accepted but did not inform her about until the following year. In her motion, she sought relief under Federal Rule of Civil Procedure 60(b)(3), (b)(6), (d)(1), and (d)(3).

The district court denied Cromity's motion to vacate and concluded that Cromity's motion was an "attempt to relitigate old issues" by "rehash[ing] arguments made on summary judgment and disagree[ing] with the evidence presented." Order Den. Pl.'s Am. Mot. to Vacate at 3. And, as to the alleged "conflict of interest" scheme, the district court concluded that Cromity failed to meet her burden to show by clear and convincing evidence that fraud occurred. *Id.*

On appeal, Cromity repeats her assertion that Orlando misrepresented evidence presented at the summary judgment phase and that Orlando's outside law firm created a conflict of interest for her attorney.[1]  After careful review, we affirm.[2]

We review the denial of a Rule 60(b) motion to vacate judgment for an abuse of discretion.  *Big Top Koolers, Inc. v. Circus-Man Snacks, Inc.*, 528 F.3d 839, 842 (11th Cir. 2008).  "A district court abuses its discretion when it applies an incorrect legal standard, follows improper procedures, makes clearly erroneous factual findings, or applies the law unreasonably."  *Mills v. Comm'r, Alabama Dep't of Corr.*, 102 F.4th 1235, 1239 (11th Cir. 2024), *cert. denied sub nom. Mills v. Hamm*, 144 S. Ct. 2600 (2024).  "Because Rule 60 'vests

---

[1] The Appellee, the City of Orlando, has filed a motion to strike portions of Cromity's appendices on the ground that they contain legal argument and commentary that was not part of the record below and therefore do not comply with Eleventh Circuit Rule 30-1.  Orlando's motion is **GRANTED IN PART**.  We **DIRECT** the clerk to strike the entirety of Cromity's supplemental appendix.  As to Cromity's initial appendix, we decline to strike it, but we will not consider pages 21–22 of Volume 2.

[2] For the first time on appeal, Cromity contends that the judgment against her should be vacated under Rule 60(b)(1) because the district court made a mistake of law when it (1) dismissed as meritless her motion for entry of default, which she filed subsequent to her motion to vacate, and (2) when it struck the reply she filed in support of her motion to vacate under Local Rule 3.01(d).  She asks this court to reinstate her reply and to direct the district court to enter a default judgment in her favor.  We will not consider these arguments. *Depree v. Thomas*, 946 F.2d 784, 793 (11th Cir. 1991) ("[A]n issue not raised in the district court and raised for the first time in an appeal will not be considered by this court.").

4                    Opinion of the Court                    24-13760

wide discretion in [district] courts,' we ask whether a reasonable jurist could conclude that the district court abused its discretion." *Id.* (quoting *Buck v. Davis*, 580 U.S. 100, 123 (2017)).  Thus, to overturn the district court's denial of a Rule 60(b) motion, a party "must do more than show that a grant of its motion might have been warranted"; it must "demonstrate a justification for relief so compelling that the district court was *required* to grant [its] motion." *Rice v. Ford Motor Co.*, 88 F.3d 914, 919 (11th Cir. 1996).  In an appeal of an order denying a Rule 60(b) motion, the appeal is limited to a determination of whether the district court abused its discretion in denying the motion, and it does not extend to the validity of the underlying judgment. *Id.*

We also review the denial of a motion brought under Rule 60(d)(3) for abuse of discretion.  *See Mills*, 102 F.4th at 1239-40.

Construing Cromity's *pro se* briefing liberally—as we must, *Carmichael v. United States*, 966 F.3d 1250, 1258 (11th Cir. 2020)—we conclude that she makes arguments under Rule 60(b)(3), (b)(6), and (d)(3).[3]  She argues that Orlando perpetrated fraud on the court by misrepresenting evidence presented at the summary judgment stage and by creating a conflict of interest for her former attorney. We agree with the district court that Cromity failed to meet her burden under Rule 60.

---

[3] As Cromity does not brief Rule 60(d)(1) on appeal, we deem any argument pertaining to that provision abandoned.  *Timson v. Sampson*, 518 F.3d 870, 874 (11th Cir. 2008).

Rule 60(b) allows a party to seek relief from "a final judgment, order, or proceeding for the following reasons": (1) mistake or excusable neglect; (2) newly discovered evidence; (3) fraud; (4) a void judgment; (5) a discharged judgment; or (6) "any other reason that justifies relief." Fed. R. Civ. P. 60(b). The purpose of a Rule 60(b) motion is to allow the court to reconsider matters to "correct obvious errors or injustices and so perhaps obviate the laborious process of appeal." *Carter ex rel. Carter v. United States*, 780 F.2d 925, 928 (11th Cir. 1986) (quoting *Fackelman v. Bell*, 564 F.2d 734, 736 (5th Cir. 1977)). A Rule 60(b) motion cannot be used to "relitigate old matters, raise argument or present evidence that could have been raised prior to the entry of judgment." *Terrell v. Sec'y, Dep't of Veterans Affs.*, 98 F.4th 1343, 1357 (11th Cir. 2024), *cert. denied sub nom. Terrell v. McDonough*, 145 S. Ct. 273 (2024) (quotation marks omitted).

"To obtain relief from a final judgment based upon fraud under Rule 60(b)(3), the moving party must prove by clear and convincing evidence that the adverse party obtained the verdict through fraud, misrepresentations, or other misconduct." *Waddell v. Hendry Cnty. Sheriff's Off.*, 329 F.3d 1300, 1309 (11th Cir. 2003). "The moving party must also demonstrate that the conduct prevented [her] from fully presenting [her] case." *Id.*

Rule 60(b)(6), "the catchall" provision, "grants federal courts broad authority to relieve a party from a final judgment upon such terms as are just, provided that the motion is made within a reasonable time and is not premised on one of the grounds for relief

enumerated in clauses (b)(1) through (b)(5)." *Liljeberg v. Health Servs. Acquisition Corp.*, 486 U.S. 847, 859 n.8, 863 (1988) (citation modified); *see* Fed. R. Civ. P. 60(b)(6). Relief under this clause "is an extraordinary remedy which may be invoked only upon a showing of exceptional circumstances" and that, "absent such relief, an extreme and unexpected hardship will result." *Griffin v. Swim-Tech Corp.*, 722 F.2d 677, 680 (11th Cir. 1984) (citation modified). "Even then, whether to grant the requested relief is a matter for the district court's sound discretion." *Galbert v. W. Caribbean Airways*, 715 F.3d 1290, 1294 (11th Cir. 2013) (citation modified). The movant must provide a "justification so compelling that the district court was required to vacate its order." *Id.* (citation modified).

And finally, Rule 60(d)(3) states that, notwithstanding Rule 60's other avenues for relief from a judgment, a court has the power to set aside a judgment for fraud on the court. Fed. R. Civ. P. 60(d)(3). A movant who seeks relief under Rule 60(d)(3) must establish fraud on the court by clear and convincing evidence. *Mills*, 102 F.4th at 1239–40. "That standard is demanding," and the movant must establish that the alleged fraud is "highly probable." *Id.* at 1240. "Fraud on the court . . . embraces only that species of fraud that officers of the court perpetrate against the judicial machinery and that defiles the court itself." *Id.* at 1240 (citation modified). Because "[p]erjury and fabricated evidence are evils that can and should be exposed at trial," they do not constitute fraud for the purposes of Rule 60(d)(3). *Travelers Indem. Co. v. Gore*, 761 F.2d 1549, 1552 (11th Cir. 1985). "[O]nly the most egregious misconduct, such as bribery of a judge or members of a jury, or the

fabrication of evidence by a party in which an attorney is implicated, will constitute a fraud on the court." *Rozier v. Ford Motor Co.*, 573 F.2d 1332, 1338 (5th Cir. 1978) (quoting *United States v. Int'l Tel. & Tel. Corp.*, 349 F. Supp. 22, 29 (D. Conn. 1972), *aff'd sub nom. Nader v. U.S*, 410 U.S. 919 (1973)).

We conclude that the district court did not abuse its discretion when it concluded that there was "no basis" on which to grant Cromity's motion to vacate. Order Den. Pl.'s Am. Mot. to Vacate at 4.

First, no reasonable jurist could conclude that the district court abused its discretion in ruling that Cromity failed to meet her burden under Rule 60(b)(3). Cromity was required to prove "by clear and convincing evidence that the adverse party obtained the verdict through fraud, misrepresentations, or other misconduct" and "that the conduct prevented [her] from fully presenting [her] case." *Waddell*, 329 F.3d at 1309. Many of Cromity's arguments were recycled from the summary judgment phase. And her assertion that her attorney was conflicted was supported neither by clear and convincing evidence, nor by a demonstration that it impacted the verdict against her.

Second, no reasonable jurist could conclude that the district court abused its discretion in ruling that Cromity failed to meet her burden under Rule 60(b)(6). Cromity made no attempt to distinguish the grounds on which she sought relief under Rule 60(b)(6) and (b)(3). And, "relief cannot be had under clause (6) if it would have been available under the earlier clauses." *Mills*, 102 F.4th at

1240 (quoting 11 Wright, Miller & Kane, *Federal Practice & Procedure* § 2864 (3d ed. Apr. 2023)).

Third, no reasonable jurist could conclude that the district court abused its discretion in ruling that Cromity failed to meet her burden under Rule 60(d)(3). Cromity did not even attempt to show that there was misconduct egregious enough to rise to the level of "fraud on the court." *Rozier*, 573 F.2d at 1338.

★ ★ ★

For the foregoing reasons, we hold that the district court did not abuse its discretion when it denied Cromity's motion to vacate.

**AFFIRMED.**