**NOT FOR PUBLICATION**

# In the

# United States Court of Appeals

## For the Eleventh Circuit

————————————

No. 25-13701

Non-Argument Calendar

————————————

MICHAEL R. ATRAQCHI,

IRENE S. ATRAQCHI,

*Plaintiffs-Appellants,*

*versus*

UNITED STATES OF AMERICA,

STATE OF FLORIDA,

RAMEZ ANDRAWIS,

MASEEHA KHALEEL,

JOHN AND JANE DOE,

   all U.S. Adult Persons,

*Defendants-Appellees.*

————————————

Appeal from the United States District Court

for the Middle District of Florida

D.C. Docket No. 8:22-cv-00935-SDM-AEP

————————————

Before LUCK, LAGOA, and WILSON, Circuit Judges.

PER CURIAM:

Plaintiffs-Appellants Michael and Irene Atraqchi, proceeding pro se, appeal the district court's order denying their Federal Rule of Civil Procedure 60(b)(2) and (d)(3) motion to reopen the case based on newly discovered evidence and fraud. On appeal, the Atraqchis argue that the district court abused its discretion by dismissing their motion because they presented evidence that was previously unavailable and undermined the factual basis of the court's original dismissal. After careful review, we affirm.

We generally review the denial of a Rule 60(b) motion for an abuse of discretion. *Galbert v. W. Caribbean Airways*, 715 F.3d 1290, 1294 (11th Cir. 2013). A district court abuses its discretion when it "applies an incorrect legal standard, applies the law in an unreasonable or incorrect manner, follows improper procedures in making a determination, or makes findings of fact that are clearly erroneous." *Diveroli v. United States*, 803 F.3d 1258, 1262 (11th Cir. 2015) (quotation marks omitted). The purpose of a Rule 60(b) motion is to permit the court to reconsider matters to "correct obvious errors or injustices and so perhaps obviate the laborious process of appeal." *Carter ex rel. Carter v. United States*, 780 F.2d 925, 928 (11th Cir. 1986) (per curiam) (quotation marks omitted).

As relevant here, a Rule 60(b)(2) motion allows a party to be relieved from a judgment because of newly discovered evidence that could not have been discovered earlier with due diligence. Fed. R. Civ. P. 60(b)(2). A Rule 60(b)(2) motion must be made "no more

than a year after the entry of the judgment or order or the date of the proceeding." Fed. R. Civ. P. 60(c)(1). Here, to the extent that the Atraqchis sought relief under Rule 60(b)(2), their motion is untimely because they filed it on September 10, 2025, well over one year after the May 4, 2022 judgment.

A motion filed under Rule 60(d)(3) allows a court, notwithstanding Rule 60's other avenues for relief from judgment, to "set aside a judgment for fraud on the court." Fed. R. Civ. P. 60(d)(3). "Where relief from a judgment is sought for fraud on the court, the fraud must be established by clear and convincing evidence." *Booker v. Dugger*, 825 F.2d 281, 283 (11th Cir. 1987). Conclusory statements of the existence of fraud, unaccompanied by clear and convincing probative facts, are insufficient. *Id*. at 283–84. Here, to the extent that the Atraqchis sought relief under Rule 60(b)(3), their allegations of fraud were conclusory and provided no clear and convincing probative facts of the fraud. Thus, the district court did not abuse its discretion in denying the Atraqchis' motion to reopen.[1]

**AFFIRMED.**

---

[1] In the Atraqchis' brief, they conclusory state that the district court should have held a hearing on their motion and that their due process rights were violated. Even though Atraqchis are pro se, they are still required to adequately brief the issues and not simply make passing references to an issue. *Access Now, Inc. v. Sw. Airlines Co.*, 385 F.3d 1324, 1330 (11th Cir. 2004); *Timson v. Sampson*, 518 F.3d 870, 874 (11th Cir. 2008). Thus, they have abandoned that issue. But even if they had not abandoned it, Rule 60 does not require a hearing nor have they provided any authority establishing otherwise.