Frank D. BARRINGER, Individually and as Trustee, Thomas P. Alexander, Sr., Don M. Barringer, Michael P. O'Day, Orlen O'Day, and F. Gardner Parker

v.

PARKER BROTHERS EMPLOYEE RE-TIREMENT FUND and Robbie Morris, Individually and as Substitute Trustee.

Civ. A. No. G–94–767.

United States District Court,
S.D. Texas,
Galveston Division.

Feb. 7, 1995.

Roderick Duncan Hardie, Hughes Watters & Askanase, Norman Scott Thrash, Thrash & Gayle, Houston, TX, for plaintiffs.

Lee M. Larkin, Fouts & Moore, Thomas J. Sims, Fouts & Moore, Houston, TX, for Parker Bros. Employee Retirement Fund.

Thomas P. Sartwelle, McFall & Sartwelle, Robert R. Debes, Jr., Sartwelle & Radelat, Houston, TX, for Robbie Morris.

### ORDER GRANTING REMAND

KENT, District Judge.

This is a tortious interference and wrongful sale case brought by Plaintiffs under Texas state law. This suit was originally filed in the 149th Judicial District Court of Brazoria County, Texas and was removed to this Court by Defendants under the premise of federal question jurisdiction. Before the Court now is Plaintiffs' Motion to Remand the above-captioned cause of action to the state court in which it was originally filed. For the reasons stated below, the Court finds that removal of this action was improper, and the Plaintiffs' Motion is **GRANTED.**

In 1985, Plaintiffs—who comprise a group of investors—acquired a thirty-nine acre plot of land in Brazoria County, Texas for the purpose of development and resale. This land was acquired with a loan made to the Plaintiffs by the Parker Brothers Employee Retirement Fund ("PBERF"). In 1992, Plaintiffs held a contract for the possible sale of thirty-five of the thirty-nine acres to the developer of an adjacent tract of land. Plaintiffs allege that they attempted on several occasions to obtain the cooperation and assistance of the Board of Trustees of PBERF, either in approving the sale or in stating the terms upon which such a sale would be approved.

Unknown to the Plaintiffs, however, PBERF had been investigated by the United States Department of Labor for alleged improprieties in the management of the Fund. Apparently as a result of a subsequent suit of PBERF by the Department of Labor, PBERF retained Kenneth Leventhal & Company to appraise the land before the sale was approved. Plaintiffs allege that the appraisal intentionally understated the value of the thirty-nine acre tract and that Plaintiffs' relationship with PBERF was interfered with as a result. Consequently, Plaintiffs allege that PBERF was unwilling to cooperate with them in trying to sell the land and that, as a result, Plaintiffs were unexpectedly forced to pay off the finance note. Unable to do so, PBERF eventually posted the property securing the loan in question for foreclosure.

Plaintiffs subsequently brought suit against PBERF and Robbie Morris, a substitute trustee, for tortious interference with a business relationship; negligence; wrongful foreclosure; usury; and breach of a duty to act with impartiality and fairness.

Plaintiffs argue that Defendants' Notice of Removal was untimely filed in this case. It is undisputed that Plaintiffs filed one Original Petition and two Amended Petitions in state court. Plaintiffs filed their Original Petition on June 26, 1992, naming Kenneth Leventhal & Company as well as PBERF and several of its individual Board of Trustee members as Defendants. In its Second Amended Petition of October 6, 1994, however, Plaintiffs named PBERF and Robbie

Morris as Defendants in this suit. Defendants contend that removal was timely and properly made because the addition of Morris gave this Court original jurisdiction over this case for the first time. This contention appears to rest on the assumption that, because PBERF is governed by ERISA, Morris' liability, if any, "may be governed, in part, by ERISA." (Defendants' Response, Instrument # 5, at 5).

The parties in this case vigorously dispute the issue of removability in terms of whether 28 U.S.C. § 1446(b)—which allows a Defendant to remove a case based on amended pleadings only when the original pleading was not removable—properly applies to the facts of this case. This debate, however, is completely beside the point because whether this Court looks at the Original Petition or either of the Amended Petitions, it can find no basis for deciding that it has subject matter jurisdiction over this dispute.[1]

■ It is obvious that all of Plaintiffs' claims in each of the Petitions filed in the state court are explicitly state-law causes of action. Defendant Morris' remarkably vague Notice of Removal asserts that this Court has original jurisdiction over this case based on the assumption that a federal cause of action has been stated in this case. Nevertheless, Morris utterly fails to specify what this cause of action is or to specify any federal statute to support his claim. It is a basic rule of removal practice that when the removing party claims that a federal question exists, it *must* allege all facts essential to the existence of that federal claim; a bare-bones contention that a federal question exists is clearly insufficient. *See, e.g., Thomas v. Burlington Industries, Inc.,* 763 F.Supp. 1570, 1575 (S.D.Fla.1991) (remanding an improperly removed suit based on the claim of ERISA preemption); *Wright v. Sterling In-*

*vestors Life Ins. Co.,* 747 F.Supp. 653, 655 (N.D.Ala.1990). Defendant *seems* to assume that, because PBERF is a federal employee retirement fund and thus subject to ERISA regulation, that a federal cause of action has been stated because a federal statute will be invoked as a defense against Plaintiffs' claims. However, Defendants nowhere contend that ERISA preempts the Plaintiffs' state-law causes of action—a claim that forms the only possible basis for subject matter jurisdiction in this case.

■ It is an elementary principle of law that 28 U.S.C. § 1331 gives District Courts jurisdiction over "civil actions arising under the Constitution, laws, or treaties of the United States." As the Supreme Court has explained, § 1331 empowers Courts to hear only "those cases in which a well-pleaded complaint establishes either that federal law creates the cause of action or that the plaintiff's right to relief necessarily depends on resolution of a substantial question of federal law." *Franchise Tax Board v. Construction Laborers Vacation Trust,* 463 U.S. 1, 27–28, 103 S.Ct. 2841, 2856, 77 L.Ed.2d 420, 442 (1983); *see also* 13B Wright, Miller & Cooper, Federal Practice and Procedure § 3562, at 46 (1984). Moreover, the mere fact that a defense based on federal law will be raised does not create jurisdiction unless the case falls within that very small category where the controlling federal statute preempts the field and was clearly intended to support removal jurisdiction. *Metropolitan Life Insurance Co. v. Taylor,* 481 U.S. 58, 66–67, 107 S.Ct. 1542, 1547–48, 95 L.Ed.2d 55, 65 (1987).

■ Nevertheless, an anticipated defense that is based on a claim of federal preemption of state law is treated by the Court as a defense like any other and will *not* serve to invoke federal question jurisdiction.[2] *Powers*

---

**1.** Even if the Court were to base its decision on the question of whether Defendants' Notice of Removal was timely filed or not, the case would still be remanded. If this Court were to find that Plaintiffs' Second Amended Petition raises a genuine federal question, it is obvious that the Original Petition—which joined the ERISA retirement plan as a Defendant—would also have raised a federal question. Thus, this case would have been removable *only* within the thirty-day period following service of the Original Petition allowed

by 28 U.S.C. § 1446(b). Defendants' argument that this Court should *anticipate* the Fifth Circuit in deciding that removal is proper if an amended pleading merely states a *new* federal question is absurd on its face. This Court follows the rules laid out by the Fifth Circuit; it does not dictate to the Circuit what those rules should be.

**2.** As stated above, neither the Defendants' Notice of Removal nor their brief actually claim that

*v. South Central United Food & Commercial Workers Unions and Employers Health & Welfare Trust,* 719 F.2d 760, 764 (5th Cir. 1983). The Supreme Court has stated, however, that under the complete preemption doctrine, the preemptive power of a federal statute may occasionally be "so 'extraordinary' that it 'converts an ordinary state common-law complaint into one stating a federal claim.'" *Caterpillar, Inc. v. Williams,* 482 U.S. 386, 393, 107 S.Ct. 2425, 2430, 96 L.Ed.2d 318 (1987) (quoting *Metropolitan Life,* 481 U.S. at 58, 107 S.Ct. at 1547). Once a state law issue has been completely preempted by a federal statute, any claim that is based on the state law arises from its inception under federal law. *Id.; see also Anderson v. American Airlines,* 2 F.3d 590, 593–94 (5th Cir.1993).

■ Certain causes of action brought under state law can be completely preempted by ERISA, and are thus removable to federal court, where they fall within the scope of the civil enforcement provisions of ERISA. *Anderson v. Electronic Data Systems Corp.,* 11 F.3d 1311, 1314 (5th Cir.), *cert. denied,* —— U.S. ——, 115 S.Ct. 55, 130 L.Ed.2d 14 (1994). However, determining which state law actions are completely preempted and which are not is a difficult task. The Supreme Court has recognized two types of civil suits that can be brought against ERISA plans. The first involves suits brought by ERISA entities under the enforcement actions under § 502 of ERISA to secure certain specified relief. *See* 29 U.S.C. § 1132. Such actions generally completely preempt state law. The second category includes lawsuits against ERISA plans for ordinary state-law claims such as "unpaid rent, failure to pay creditors, or even torts committed by an ERISA plan" brought by non-ERISA entities. *Mackey v. Lanier Collection Agency & Service, Inc.,* 486 U.S. 825, 833 & n. 8, 108 S.Ct. 2182, 2187 & n. 8, 100 L.Ed.2d 836 (1988). Such actions generally do not preempt state law.

The Fifth Circuit has recognized that cases that find complete preemption by ERISA of state-law claims generally involve two unifying themes: (1) the state law claims address areas of exclusive federal concern, such as the right to receive benefits under the terms of an ERISA plan; and (2) the claims directly affect the relationship among the traditional ERISA entities—the employer, the plan and its fiduciaries, and the participants and beneficiaries. *Memorial Hospital System v. Northbrook Life Insurance Co.,* 904 F.2d 236, 245 (5th Cir.1990). The Circuit has clearly stated that the second factor is the more important one, in part because it involves an analysis of ERISA's § 514(a) mandate that ERISA will not preempt a state law unless the state law "relates to" an employee benefit plan. *See Sommers Drug Stores Co. Employee Profit Sharing Trust v. Corrigan Enterprises, Inc.,* 793 F.2d 1456, 1467 (5th Cir. 1986), *cert. denied,* 479 U.S. 1034, 107 S.Ct. 884, 93 L.Ed.2d 837 (1987); *see also Perkins v. Time Insurance Co.,* 898 F.2d 470, 473 (5th Cir.1990) (holding that ERISA does not preempt a state-law claim of fraudulent solicitation).

The Supreme Court has adopted a broad construction of the "relates to" language under ERISA by concluding that a state law "relates to" an employee benefit plan "if it has a connection with or reference to such a plan." *Shaw v. Delta Air Lines, Inc.,* 463 U.S. 85, 103 S.Ct. 2890, 77 L.Ed.2d 490 (1983). Nevertheless, the Court also noted that it would not extend the "relates to" language beyond reasonable bounds. The Court noted that "[s]ome state actions may affect employee benefit plans in too tenuous, remote, or peripheral a manner to warrant a finding that the law 'relates to' the plan." *Id.* at 100 n. 21, 103 S.Ct. at 2901 n. 21. The Court later explained that there is a fundamental distinction between state laws that have a general application and laws that specifically refer to ERISA benefit plans. *Mackey,* 486 U.S. at 825, 108 S.Ct. at 2182.

ERISA preempts state law, even though this is the only possible basis for federal question jurisdiction in this case. In addition, Plaintiffs in this case have also failed to inform the Court what state statutes are involved in their claims, making the Court's decision in this matter far more difficult than it would have been had either party submitted even minimally relevant legal authority for the issues in this case. Failing that, however, the Court undertakes its own research, by which it hopes the parties will benefit.

In the Fifth Circuit, this has been taken as meaning that state statutes of general application that do not affect the structure, administration, or type of benefits provided in an ERISA plan are not completely preempted just because they have some economic impact on the plan. *Rebaldo v. Cuomo,* 749 F.2d 133, 139 (2nd Cir.1984), *cert. denied,* 472 U.S. 1008, 105 S.Ct. 2702, 86 L.Ed.2d 718 (1985). State laws are not preempted if they affect an ERISA plan in "too tenuous, remote, or peripheral a manner." *Sommers Drug,* 793 F.2d at 1467.

The Court finds the Fifth Circuit's ruling in *Memorial Hospital System,* 904 F.2d at 236, useful in this regard. The Circuit held in that opinion that Defendants, who were fiduciaries in an ERISA plan and were thus subject to the fiduciary duties of ERISA, did not owe fiduciary obligations to third-party health care providers regarding the accurate disclosure of information or any other matter. Instead, their fiduciary duties ran only to participants and beneficiaries of the plan. *Id.* at 247. In *Sommers Drug,* the Circuit likewise held that the state common law of corporate fiduciary duty is not preempted by ERISA when it involves relations between the corporate director and shareholders, even though the director is also an ERISA plan fiduciary and the shareholders are plan beneficiaries. *Sommers Drug,* 793 F.2d at 1468. The state law and ERISA duties may be parallel, but they are independent. *Id.*

■ Based on this analysis, the Court finds that in the instant case, Plaintiffs' claims are not completely preempted by what *appears* to be a preemption claim by Defendants. The Court is hampered in this analysis by an almost complete absence of information from the parties, but there is no allegation in this case that any of the Plaintiffs are even participants in PBERF. As such, the second—and more important—analytical tool used in this Circuit does not even apply to this case, i.e. Plaintiffs would appear to be third parties to the ERISA plan and not participants or beneficiaries under it. *See id.* at 1467. Yet even if they are partici-

pants, the loan of money for the purchase and development of land is clearly not the kind of action contemplated for preemption under ERISA. Rather, it is a straight-forward commercial transaction protected by state laws of duties and obligations that have no relation whatsoever to the benefits of an ERISA plan. Indeed, the Court finds it incredible that Defendants would even suggest that, even if Plaintiffs are beneficiaries of an ERISA plan, the transaction involved in this case affects relations between an ERISA plan fiduciary and the plan beneficiaries as such.

Given that there is not a single piece of evidence in this case that any Plaintiff is a beneficiary of an ERISA plan or that the transaction at stake here involves anything more than a third party, the Court finds absolutely no evidence that a federal question is raised in this case. As stated above, the mere fact that an ERISA statute may be involved in this case is obviously insufficient in itself to give this Court federal question jurisdiction.

For these reasons, the Court finds that Plaintiffs' Motion to Remand is therefore **GRANTED** because this Court does not have subject matter jurisdiction over this case. Accordingly, this case is hereby **REMANDED** to the 149th Judicial District Court of Brazoria County, Texas. Each party is to bear its own taxable costs to date. Any relief not specifically granted herein is **DENIED.** It is further **ORDERED** that the parties file no further pleadings in this Court, including motions to reconsider and the like. Instead, the parties are instructed to seek any further relief to which they feel themselves entitled in the courts of the State of Texas, as may be appropriate in due course.[3]

**IT IS SO ORDERED.**

---

**3.** *See* 28 U.S.C. § 1447(d) (denying appellate review of a remand order based on lack of subject matter jurisdiction).