Martin H. MCCUBBINS, Plaintiff

v.

UNITED AIRLINES, INC.,
et al., Defendants

CIVIL ACTION NO.: 3:16cv72–
DPJ–FKB

United States District Court,
S.D. Mississippi,
Northern Division.

Signed 07/18/2016

Wayne E. Ferrell, Jr., Jackson, MS, for Plaintiff.

John T. Rouse, MCGLINCHEY STAFFORD, PLLC—Jackson, Jackson, MS, for Defendants.

ORDER

Daniel P. Jordan III, UNITED STATES DISTRICT JUDGE

In this civil action, Plaintiff Martin H. McCubbins claims that Defendant United Airlines, Inc. ("United") allowed him to board a plane to Panama with an insufficient passport, resulting in his detention by Panamanian authorities upon arrival. The case is before the Court on the following motions: (1) Plaintiff's Motion to Remand [12] and Supplemental Motion to Remand [37]; Defendant's Motion to Set Aside Default Judgment [2]; and Defendant's Motion to Consolidate [10]. Because McCubbins's state-law claims are not completely preempted, this Court lacks subject-matter jurisdiction and must remand the case to the Circuit Court of Hinds County, Mississippi. All other motions are considered moot.

I. Background

On February 6, 2013, McCubbins began his trip to Panama. Having pre-purchased a ticket from United, McCubbins arrived at the airport with passport in hand. At the check-in counter, a United agent reviewed and verified his passport before issuing the boarding pass. Compl. [1–1] ¶ 9. McCubbins also presented his passport three other times before boarding his flights. *Id.* ¶ 10–11. Unfortunately for all, McCubbins's passport was set to expire in less than six months, making him ineligible for entry into Panama. And upon his arrival, Panamanian authorities detained McCubbins in isolation until the following morning when he took the first United flight back to the states.

Aggrieved by his experience, McCubbins filed suit against "United Airline Corporation" in the Circuit Court of Hinds County, Mississippi. Though this was an incorrect corporate name, the suit alleged negligence, gross negligence, and breach of contract, all of which caused "actual damages including but not limited to disgrace, humiliation, embarrassment, and false imprisonment." *Id.* ¶ 14. McCubbins pleaded no federal claims.

For reasons no longer relevant, McCubbins obtained a default judgment in state court then wrote United on or about January 8, 2016, demanding payment. United thereafter removed the case to this Court on February 2, 2016, claiming that the Montreal Convention and the Airline Deregulation Act ("ADA"), 49 U.S.C. § 41713(b)(1), completely preempt the state-law claims thus presenting federal-question jurisdiction.

After removal and United's motion to set aside the default judgment, McCubbins moved to remand, disputing jurisdiction and further claiming that removal was procedurally defective for a host of reasons. Nevertheless, he filed a subsequent suit in Hinds County (*"McCubbins II"*) wherein he specifically asserted claims under the Montreal Convention and the ADA. United again removed the case, and it was assigned Civil Action No. 3:16–cv–00116–HTW–LRA. United seeks consolidation.

II. Analysis

■ Jurisdiction is the threshold question. "Federal courts are courts of limited jurisdiction. They possess only that power authorized by Constitution and statute, which is not to be expanded by judicial decree." *Kokkonen v. Guardian Life Ins. Co. of Am.*, 511 U.S. 375, 377, 114 S.Ct. 1673, 128 L.Ed.2d 391 (1994) (citations omitted). Thus, "statutes conferring jurisdiction on federal courts are to be strictly construed, and doubts resolved against

federal jurisdiction." *Boelens v. Redman Homes, Inc.*, 748 F.2d 1058, 1067 (5th Cir. 1984). The burden to establish federal jurisdiction is on the party seeking the federal forum. *Howery v. Allstate Ins. Co.*, 243 F.3d 912, 916 (5th Cir. 2001). And if that party fails, the case must be dismissed, or in this instance remanded. *See* Fed. R. Civ. P. 12(h)(3).

■ In this case, diversity jurisdiction is not available due to the amount in controversy, and the Complaint is based entirely on state-law. United nevertheless asserts that McCubbins's claims are completely preempted and therefore federal-question jurisdiction exists under 28 U.S.C. § 1331. "The presence or absence of federal-question jurisdiction is governed by the 'well-pleaded complaint rule,' which provides that federal jurisdiction exists only when a federal question is presented on the face of the plaintiff's properly pleaded complaint." *Caterpillar Inc. v. Williams*, 482 U.S. 386, 392, 107 S.Ct. 2425, 96 L.Ed.2d 318 (1987). Thus, "a defendant cannot, merely by injecting a federal question into an action that asserts what is plainly a state-law claim, transform the action into one arising under federal law, thereby selecting the forum in which the claim shall be litigated." *Id.* at 399, 107 S.Ct. 2425.

■ There is, however, an exception to this rule that

arises when Congress so completely preempt[s] a particular area that any civil complaint raising this select group of claims is necessarily federal in character.... The question in complete preemption analysis is whether Congress intended the federal cause of action to be the exclusive cause of action for the particular claims asserted under state law.... [C]omplete preemption is a narrow exception to the well-pleaded complaint rule.

*Elam v. Kansas City S. Ry. Co.*, 635 F.3d 796, 803 (5th Cir. 2011) (first alteration in original) (citations and internal quotation marks omitted). "Unlike ordinary preemption, complete preemption is jurisdictional in nature, and '[a]s such, it authorizes removal to federal court even if the complaint is artfully pleaded to include solely state law claims.'" *McKnight v. Dresser, Inc.*, 676 F.3d 426, 430 (5th Cir. 2012) (quoting *Johnson v. Baylor Univ.*, 214 F.3d 630, 632 (5th Cir. 2000)).

 Here, United asserts that the ADA and the Montreal Convention completely preempt McCubbins's state-law claims. Starting with the ADA, the Fifth Circuit has held that it does not provide complete preemption. *Sam L. Majors Jewelers v. ABX, Inc.*, 117 F.3d 922, 925–26 (5th Cir. 1997). So while the ADA may offer a preemption defense, it is not a valid basis for removal. *Id.*; *see also Hebert v. Am. Airlines, Inc.*, No. 16-345, 2016 WL 3517795, at *4 (E.D. La. June 27, 2016) ("[T]he Fifth Circuit has held that Congress did not intend for the ADA to serve as a basis for invoking the jurisdiction of the federal courts." (citing *Sam L. Majors Jewelers*, 117 F.3d at 925)).

 The Montreal Convention is more difficult. The convention is a multilateral treaty, which, like its predecessor the Warsaw Convention, "governs the rights and liabilities of passengers and carriers in international air transportation." *Bridgeman v. United Cont'l Holdings, Inc.*, 552 Fed.Appx. 294, 296 (5th Cir. 2013) (quoting *Galbert v. W. Caribbean Airways*, 715 F.3d 1290, 1292 (11th Cir. 2013) (internal quotation marks omitted)); *see also Convention for the Unification of Certain Rules for International Carriage by Air*, May 28, 1999, 2242 U.N.T.S. 309, *reprinted in* S. Treaty Doc. No. 106-45, 1999 WL 33292734 (2000). Neither the United States Supreme Court nor the Fifth Circuit has determined whether the Montreal Convention provides complete preemption, and lower courts are split on this issue. Nevertheless, recent cases suggest a move toward finding complete preemption. *See, e.g., Hebert*, 2016 WL 3517795, at *2 (finding complete preemption); *Rosenbrock v. Deutsche Lufthansa, A.G., Inc.*, No. 6:16-cv-0003, 2016 WL 2756589, at *18 (S.D. Tex. May 9, 2016) (noting split but finding complete preemption); *Samsung Austin Semiconductor, LLC v. Integrated Airline Servs.*, No. 4:12-CV-688-A, 2013 WL 105380, at *3 (N.D. Tex. Jan. 9, 2013) (same).

Assuming without deciding that complete preemption exists, jurisdiction still requires a showing that the claim falls within the scope of the Montreal Convention. *Hebert*, 2016 WL 3517795, at *2. "[T]he Montreal Convention preempts state-law causes of action relating to the international carriage of persons …, but—critically for this case—only to the extent they fall within its substantive scope." *Bridgeman*, 552 Fed.Appx. at 296 (citing *El Al Isr. Airlines, Ltd. v. Tsui Yuan Tseng*, 525 U.S. 155, 172, 119 S.Ct. 662, 142 L.Ed.2d 576 (1999) (explaining that the Warsaw Convention's "preemptive effect on local law extends no further than the Convention's own substantive scope" and that carriers are "indisputably subject to liability under local law for injuries arising outside of that scope" (citations and internal quotation marks omitted)).

In the present case, McCubbins faults United for failing to "specifically state" which portions of the Montreal Convention apply. Pl.'s Mem. [14] at 5 (citing *Barringer v. Parker Bros. Empl. Ret. Fund*, 877 F.Supp. 358, 360 (S.D. Tex. 1995) (holding that removing party "utterly fail[ed] to specify what this cause of action is or to specify any federal statute to support his claim")). But United cites the preemption

provision, Article 29, as well as Article 19, which states:

> The carrier is liable for damage occasioned by delay in the carriage by air of passengers, baggage or cargo. Nevertheless, the carrier shall not be liable for damage occasioned by delay if it proves that it and its servants and agents took all measures that could reasonably be required to avoid the damage or that it was impossible for it or them to take such measures.

2242 U.N.T.S. at 356. Because Article 19 is the only substantive liability article United cites, the Court will determine whether McCubbins's claims fall within its scope.[1]

"The interpretation of a treaty, like the interpretation of a statute, begins with its text." *Medellin v. Texas*, 552 U.S. 491, 506, 128 S.Ct. 1346, 170 L.Ed.2d 190 (2008). Article 19 covers damages "occasioned by delay." 2242 U.N.T.S. at 356. "By its plain language, Article 19 governs only claims for delay." *Benjamin v. Am. Airlines, Inc.*, 32 F.Supp.3d 1309, 1317 (S.D. Ga. 2014). Whether a "claim arises from delay such that it is covered under Article 19 largely depends on the specific facts underlying the claim." *Hebert*, 2016 WL 3517795, at *3. But generally speaking, "[t]he cases consider 'delay' under Article 19 to mean that the air carrier properly delivered ... persons to the appropriate destination but it did so in a untimely manner." *Vumbaca v. Terminal*

*One Group Ass'n*, 859 F.Supp.2d 343, 366 (E.D.N.Y. 2012).

United argues that McCubbins presents a claim for delay because "he was not allowed to enter the Country of Panama." Def.'s Mem. [19] at 13. But the only case United cites regarding the scope of Article 19 shows why it does not apply. *Id.* at 17. In *Lee v. AMR Corp.*, a misunderstanding regarding the plaintiff's visa lead the airline to deny her a boarding pass. No. 15-2666, 2015 WL 3797330, at *4 (E.D. Pa. June 18, 2015). The court found that Article 19 preempted the plaintiff's state-law claims because she "suffered a 'delay' in travel as defined under the provisions of Article 19 of the Montreal Convention." *Id.* In reaching that conclusion, the court collected other decisions where similar mishaps delayed the passengers' travels. *Id.* at *3–4. But here, McCubbins apparently arrived on time and left early. So there was no delay, and he makes no claims for delay-related injuries.

Similar circumstances were considered in *Hunter v. Deutsche Lufthansa AG*, where the plaintiff was attempting to travel to Baghdad, Iraq, but "was re-routed through Abu Dhabi with assurances that weapons in his checked baggage would pose no problems with the authorities." 863 F.Supp.2d 190, 194 (E.D.N.Y. 2012). That was apparently bad advice, as the "plaintiff was imprisoned for over one month under harsh conditions." *Id.*

---

1. In its initial response—but not in response to the Supplemental Motion to Remand—United cryptically mentions that the claims relate to "embarking and debarking." Def.'s Mem. [19] at 12. These terms are found in Article 17 of the Montreal Convention, but their meaning has produced a complicated, fact-specific, and often inconsistent body of law. Other than mentioning the words a single time in its first memorandum, United has neither analyzed that law nor explained why these claims fall within Article 17's scope. Indeed, it never cites Article 17 in either of its two memoranda on the Montreal Convention, and when it analyzes whether McCubbins's claims fall within the scope of the convention, United focuses entirely on Article 19. *See id.* at 17 ("The Plaintiff's claims fall under Article 19 of the Montreal Convention."); *see also* Def.'s Resp. to Supp. Mot. [40] ¶ 2 (arguing that "claims stated in his Complaint are within the scope of the Montreal Convention's preemption pursuant to Articles 29 and 19"). It therefore appears that United intended to rely on Article 19. If that is not so, then United failed to carry its burden of proving jurisdiction based on Article 17.

Though the airline invoked Article 19, the court found that the plaintiff's injuries "were not 'occasioned by' any kind of delay in arrival (in any case, plaintiff *never* arrived in Dubai), but rather, from the alleged negligence of the Defendant Airlines in the course of rerouting and misinforming plaintiff in Frankfurt." *Id.* at 208. The court concluded that "the [Montreal] Convention does not preempt any of plaintiff's state law claims." *Id. See also Hebert,* 2016 WL 3517795, at *4 (holding that Article 19 did not preempt claims "because delay is not what gave rise to Hebert's damages").

This Court reaches the same conclusion under the circumstances. Because the Montreal Convention does not preempt McCubbins's state-law claims, no federal question exists, and this Court lacks subject-matter jurisdiction.

Finally, United offers an alternative argument: "Even if the Plaintiff's claims were not somehow preempted by federal treaties and statutes, the Plaintiff's second Complaint alleges a federal question on its face .... With consolidation, the Plaintiff has plead a federal question on the face of the second Complaint and jurisdiction before this Court is proper." Def.'s Mem. [19] at 18–19. *McCubbins II* may well present a federal question, but United cites no legal authority suggesting that a court can create subject-matter jurisdiction in this way.

■ In any event, the available authority rejects United's approach. To begin, jurisdiction is determined based on "the claims in the state court petition as they existed at the time of removal." *Manguno v. Prudential Prop. & Cas. Ins. Co.,* 276 F.3d 720, 723 (5th Cir. 2002). *McCubbins I* lacked jurisdiction at that time. And because the Court lacks subject-matter jurisdiction in *McCubbins I,* it lacks the authority to order consolidation with *McCubbins II.* As noted by then District Court Judge Gregg Costa in *Washington v. Burley,* "[C]ourts address[ ] the remand issue first because a court must have jurisdiction over a case before it can start applying procedural mechanisms like consolidation." No. 3-12-154, 2012 WL 5289682, at *2 (S.D. Tex. Oct. 23, 2012). The Court agrees with this approach and finds that it lacks jurisdiction to consolidate the cases in the first instance.[2]

### III. Conclusion

The Court has considered all of the parties' arguments. Those not addressed would not alter the result. Because both diversity and federal-question jurisdiction are absent in this matter, the Court lacks subject-matter jurisdiction and must remand the case to the Circuit Court of Hinds County, Mississippi. Accordingly, Plaintiff's Motion to Remand [12] is granted. His Supplemental Motion to Remand [37] is also granted except for the prayer for attorneys' fees, which is neither supported nor appropriate. Defendant's Motion to Set Aside Default Judgment [2] and Motion to Consolidate [10] are considered moot.

**SO ORDERED AND ADJUDGED** this the 18th day of July, 2016.

---

**2.** United also argues that *"McCubbins I* is a legal nullity because United Airlines, Inc. was never properly served with process ... making *McCubbins II* the only viable action." Def.'s Resp. to Supp. Mot. [40] at 1. The Court may not fully understand this argument, but it cannot simply ignore *McCubbins I* as a nullity then consolidate it with *McCub-* bins *II* and pretend that it no longer exists. On remand, United may have a valid argument that default should be set aside and the service of process quashed, but for now, there are two separate civil actions pending. And without subject-matter jurisdiction in the first, the Court simply lacks the power to take the procedural steps United desires.