**UNITED STATES of America,**
**Plaintiff–Appellee,**

v.

**Jorge Eliecer BUENO–SIERRA,**
**Defendant–Appellant.**

**Nos. 15–11990, 15–12282**
**Non–Argument Calendar.**

United States Court of Appeals,
Eleventh Circuit.

Feb. 2, 2016.

Wifredo A. Ferrer, Emily M. Smachetti, U.S. Attorney's Office, Miami, FL, Harry C. Wallace, Jr., U.S. Attorney's Office, Fort Lauderdale, FL, for Plaintiff–Appellee.

Robert E. Adler, Federal Public Defender's Office, West Palm Beach, FL, Michael Caruso, Federal Public Defender, Federal Public Defender's Office, Miami, FL, for Defendant–Appellant.

Before HULL, JORDAN and JULIE CARNES, Circuit Judges.

PER CURIAM:

Jorge Bueno–Sierra, is a federal prisoner convicted of cocaine offenses arising out of a cocaine importation scheme. Bueno–Sierra appeals the district court's denial of his 18 U.S.C. § 3582(c)(2) motion for a sentence reduction based on Amendment 782 to the Sentencing Guidelines. The district court concluded that Bueno–Sierra was ineligible for a § 3582(c)(2) sentence reduction because Bueno–Sierra's "base offense level remains at 38" after Amendment 782 due to the large quantity of cocaine involved in his offenses. The district court also denied Bueno–Sierra's subsequent motion asking the court to vacate its order denying his § 3582(c)(2) motion and to hold a hearing to determine the amount of cocaine for which he was responsible. Bueno–Sierra appeals that decision as well. After review, we affirm.[1]

A district court may reduce a term of imprisonment only if it was based on a sentencing range that has subsequently been lowered by the Sentencing Commission. 18 U.S.C. § 3582(c)(2); *see also United States v. Lawson,* 686 F.3d 1317, 1319 (11th Cir.2012); U.S.S.G. § 1B1.10(a)(2)(B). Amendment 782, which is retroactive, reduced by 2 levels the base offense levels for most drug offenses. U.S.S.G. app. C, amend. 782 (2014). For offenses involving 450 kilograms or more of cocaine, however, Amendment 782 had no effect on the base offense level, which remains level 38, the highest offense level under the Drug Quantity Table. *See id.;* U.S.S.G. § 2D1.1(c)(1) (2014).

At the original sentencing hearing, it was undisputed that Bueno–Sierra's offenses involved approximately 467 kilo-

---

1. This Court reviews *de novo* the district court's legal conclusions regarding the scope of its authority under 18 U.S.C. § 3582(c)(2) and for clear error its factual findings underlying those legal conclusions. *United States v. Davis,* 587 F.3d 1300, 1303 (11th Cir.2009).

grams of cocaine found in a first shipment from Colombia to Florida, which resulted in a base offense level of 38. *See* U.S.S.G. § 2D1.1(c)(3) (1994) (providing for a base offense level of 38 if the offense involved between 150 kilograms and 500 kilograms of cocaine). While Bueno–Sierra objected to the mention of an additional 138 kilograms of cocaine found in a second shipment, he did not object to the 467 kilograms in the first shipment that was actually attributed to him in paragraphs 19 and 30 of his Presentence Investigation Report ("PSI"). Therefore, for sentencing purposes, Bueno–Sierra admitted that his offenses involved 467 kilograms of cocaine. *See United States v. Davis*, 587 F.3d 1300, 1303–04 (11th Cir. 2009) (explaining that the defendant is deemed to have admitted facts in the PSI to which he did not specifically object). Bueno–Sierra did not appeal the drug quantity finding or the calculation of his base offense level under § 2D1.1(c)(1). *See United States v. Bueno–Sierra*, 99 F.3d 375 (11th Cir.1996).

After Amendment 782, the 467 kilograms of cocaine attributed to Bueno–Sierra still results in a base offense level of 38 and a guidelines range of 360 months to life. *See* U.S.S.G. § 2D1.1(c)(1) (2014). Thus, the district court was without authority to reduce Bueno–Sierra's sentence under § 3582(c)(2). *See* 18 U.S.C. § 3582(c)(2); U.S.S.G. § 1B1.10(a)(2)(B) ("A reduction in the defendant's term of imprisonment is not consistent with this policy statement and therefore is not authorized under 18 U.S.C. § 3582(c)(2) if ... an amendment listed [as retroactive] does not have the effect of lowering the defendant's applicable guideline range.").

Furthermore, the district court was not required to hold a hearing to resolve Bueno–Sierra's § 3582(c)(2) motion. The drug quantity attributed to Bueno–Sierra was undisputed. Furthermore, as the district court explained, although it did not state the drug quantity during the sentencing hearing, the PSI stated the drug quantity, and the district court adopted that finding. The district court was required to maintain its original sentencing determinations, including the drug quantity finding, in determining whether Bueno–Sierra was eligible for a § 3582(c)(2) sentence reduction. *See United States v. Bravo*, 203 F.3d 778, 781 (11th Cir.2000) (stating that a § 3582(c)(2) proceeding does not constitute a *de novo* resentencing, and "*all* original sentencing determinations remain unchanged with the sole exception of the guideline range that has been amended since the original sentencing").

**AFFIRMED.**