[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT
_____

No. 17-12418
Non-Argument Calendar
_____

D.C. Docket No. 1:93-cr-00567-DTKH-2

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

JORGE ELIECER BUENO-SIERRA,

Defendant-Appellant.

_____

Appeal from the United States District Court
for the Southern District of Florida
_____

(January 29, 2018)

Before JILL PRYOR, FAY and HULL, Circuit Judges.

PER CURIAM:

Jorge Bueno-Sierra, a federal prisoner proceeding pro se, appeals the district court's denials of his motions, filed under Federal Rule of Civil Procedure 60(b)(6) and (d)(3), seeking relief from the district court's judgment denying Bueno-Sierra's initial 28 U.S.C. § 2255 motion to vacate his sentence. After review, we vacate the district court's orders denying the Rule 60 motions and remand for the district court to dismiss them as unauthorized successive § 2255 motions.

## I.  BACKGROUND

### A.    Conviction, Sentence, and Direct Appeal

In 1994, a jury convicted Bueno-Sierra on these four counts relating to a scheme to import cocaine from Colombia to the United States: (1) conspiracy to import cocaine into the United States, in violation of 21 U.S.C. §§ 952(a) and 963; (2) conspiracy to possess with intent to distribute cocaine, in violation of 21 U.S.C. §§ 841(a)(1) and 846; (3) importation of cocaine into the United States, in violation of 21 U.S.C. §§ 952(a), 960(a)(1) and (b), and 18 U.S.C. § 2; and (4) possession with intent to distribute cocaine, in violation of 21 U.S.C. § 841(a)(1) and 18 U.S.C. § 2.

At sentencing, it was not disputed that Bueno-Sierra's importation scheme involved approximately 467 kilograms of cocaine, which resulted in a base offense level of 38 under the Sentencing Guidelines. The district court applied a four-level leadership-role increase under U.S.S.G. § 3B1.1, in the calculation of Buneo-

Sierra's total offense level of 42 and guidelines range of 360 months' to life imprisonment.  The district court imposed concurrent life terms on each count.

Bueno-Sierra filed a direct appeal challenging, inter alia, his leadership-role increase in the offense level used in his guidelines calculations.  In 1996, this Court affirmed Bueno-Sierra's convictions and sentences.  See United States v. Bueno-Sierra, 99 F.3d 375 (11th Cir. 1996).  As to Bueno-Sierra's role increase, this Court concluded, based on the record and "Bueno-Sierra's extensive role in coordinating every aspect of this [cocaine importation] transaction," that the district court did not clearly err.  Id. at 380.

## B.    First § 2255 Motion in 1998

In 1998, Bueno-Sierra filed his first § 2255 motion, arguing, among other things, that he had received ineffective assistance of counsel when his trial attorney failed to request an interpreter to sit at the defense table and assist Bueno-Sierra at trial because Bueno-Sierra spoke only Spanish and his trial attorney spoke only English and that the district court abused its discretion by failing to appoint an interpreter sua sponte.

In 2000, the district court denied Bueno-Sierra's § 2255 motion on the merits.  The district court noted that court interpreters were present throughout the proceedings and could have been used for communications with trial counsel.  The district court noted that Bueno-Sierra had raised a similar claim on direct appeal

3

and lost and concluded that "[t]o the extent that Bueno-Sierra's present claim is phrased differently and not procedurally barred, it is plainly without merit." Bueno-Sierra's appeal in his first § 2255 case ultimately was dismissed for want of prosecution because he failed to pay the required docketing and filing fees.[1]

## C.    Second § 2255 Motion in 2016

In 2016, Bueno-Sierra filed a pro se pleading entitled "Holloway Letter/Motion/Request," in which he argued that he had been rehabilitated while incarcerated and asked the district court to use its discretion to release him.  The district court construed the pleading as a § 2255 motion and dismissed it for lack of jurisdiction as an unauthorized second or successive § 2255 motion.

## D.    Rule 60 Motions in 2017

On April 17, 2017, Bueno-Sierra filed a pro se motion for relief from the judgment under Rule 60(d)(3).  Bueno-Sierra's Rule 60(d)(3) motion did not identify from which judgment or order he was seeking relief.  In the Rule 60(d)(3) motion, Bueno-Sierra argued that the district court "committed fraud" on the court by imposing the four-level leadership role increase in his guidelines calculations at

---

[1]In 2015, Bueno-Sierra filed a motion to reduce his sentence, pursuant to 18 U.S.C. § 3582(c)(2), based on Amendment 782 to the Sentencing Guidelines.  Amendment 782 lowered the base offense levels for most, but not all, cocaine offenses.  See.  U.S.S.G. app. C, amend. 782 (2014).  The district court denied Bueno-Sierra's § 3582(c)(2) motion because, given the undisputed large amount of cocaine involved in Bueno-Sierra's importation scheme, his base offense level of 38 and resulting guidelines range of 360 months to life remained the same after Amendment 782.  On appeal, this Court affirmed the district court.  See United States v. Bueno-Sierra, 632 F. App'x 605 (11th Cir. 2016).

sentencing, by failing to provide an interpreter, and by forcing Bueno-Sierra to continue to be represented by trial counsel after there was a complete breakdown in communication between Bueno-Sierra and trial counsel that lead to a conflict of interest. Bueno-Sierra also contended that the district court should have held an evidentiary hearing on his ineffective assistance of counsel claim raised in his first § 2255 motion filed in 1998.

On April 24, 2017, the district court summarily denied Bueno-Sierra's Rule 60(d)(3) motion in a paperless order.

On May 8, 2017, Bueno-Sierra filed a second pro se motion for relief from the judgment, this time under Rule 60(b)(6). Bueno-Sierra's Rule 60(b)(6) motion reiterated the fraud-on-the-court arguments made in his Rule 60(d)(3) motion and argued that the district court had erred in denying his Rule 60(d)(3) motion. Bueno-Sierra also argued that the district court erred by failing to conduct an evidentiary hearing on his first § 2255 motion and that his trial counsel had a conflict of interest that prevented Bueno-Sierra from receiving effective assistance.[2]

On May 10, 2017, the district court summarily denied Bueno-Sierra's Rule 60(b)(6) motion in a paperless order.

---

[2]The precise nature of this alleged conflict of interest is not clear but relates to Bueno-Sierra's assertion that an unidentified third party retained Bueno-Sierra's trial counsel to represent him and that Bueno-Sierra allegedly could not communicate with his English-speaking trial counsel during the trial.

5

## II.  DISCUSSION

On appeal, Bueno-Sierra argues that the district court abused its discretion by denying his Rule 60 motions.  Because we conclude that these motions were unauthorized successive § 2255 motions, we do not reach the merits of Bueno-Sierra's Rule 60 motions.  Rather, we conclude that the district court lacked subject matter jurisdiction to deny the Rule 60 motions and remand for the district court to dismiss them instead.

### A.    General Principles

We review for abuse of discretion a district court's denial of a motion under either Rule 60(b)(6) or (d)(3).  See Galbert v. W. Caribbean Airways, 715 F.3d 1290, 1294 (11th Cir. 2013) (Rule 60(b)(6)); Booker v. Dugger, 825 F.2d 281, 285 n.10 (11th Cir. 1987) (former Rule 60(b) now found in Rule 60(d)(3)).  We review de novo whether the district court had subject-matter jurisdiction over a Rule 60 motion and whether we have jurisdiction to review the denial of a motion. Williams v. Chatman, 510 F.3d 1290, 1293 (11th Cir. 2007).

Rule 60(b)(1) through (5) permits a district court to set aside an otherwise final judgment on a number of specific grounds, such as mistake, newly discovered evidence, an opposing party's fraud, or a void or satisfied judgment.  See Fed. R. Civ. P. 60(b)(1)-(5).  Rule 60(b)(6), the catch-all provision, authorizes a judgment to be set aside for "any other reason that justifies relief."  Fed. R. Civ. P. 60(b)(6).

6

Rule 60(d)(3) provides that Rule 60 does not limit a district court's power to "set aside a judgment for fraud on the court."  See Fed. R. Civ. P. 60(d)(3).

Generally, a federal prisoner collaterally attacking his conviction or sentence must do so by filing a § 2255 motion.  Sawyer v. Holder, 326 F.3d 1363, 1365 (11th Cir. 2003).  A prisoner who has previously filed a § 2255 motion must apply for and receive permission from this Court before filing a successive § 2255 motion in the district court.  28 U.S.C. § 2244(a), (b)(3), 2255(h).  Without authorization from this Court, the district court lacks jurisdiction to consider a second or successive § 2255 motion.  Farris v. United States, 333 F.3d 1211, 1216 (11th Cir. 2003).

A Rule 60(b) motion cannot be used to circumvent the prohibition on filing unauthorized successive post-conviction challenges.  See Gonzalez v. Crosby, 545 U.S. 524, 530-32, 125 S. Ct. 2641, 2647-48 (2005) (addressing a 28 U.S.C. § 2254 petition); Franqui v. Florida, 638 F.3d 1368, 1371-73 (11th Cir. 2011) (applying Gonzalez to a § 2255 motion).  A Rule 60(b) motion from a denial of a § 2255 motion is considered a successive motion if it "seeks to add a new ground for relief" or "attacks the federal court's previous resolution of a claim on the merits." Gonzalez, 545 U.S. at 532, 125 S. Ct. at 2648.  However, a Rule 60(b) motion is permissible if neither the motion nor the judgment from which it seeks relief substantively addressed federal grounds for setting aside the movant's conviction.

7

Id. at 533, 125 S. Ct. at 2648.  For example, a Rule 60(b) motion is proper if it: (1) asserts that a federal court's previous ruling that precluded a merits determination was in error; or (2) attacks a defect in the federal proceeding's integrity, such as fraud on the court.  See id. at 532-35 & nn.4-5, 125 S. Ct. at 2648-50 & nn.4-5.

This Court has recognized that a Rule 60 motion alleging that there was fraud upon the federal court that led to the denial of a § 2255 motion should not be treated as a second or successive under 28 U.S.C. § 2244(b)(4).  Gonzalez v. Sec'y for the Dep't of Corrs., 366 F.3d 1253, 1262, 1278 (11th Cir. 2004) (en banc) (addressing a state prisoner's § 2254 petition alleging fraud on the court under Rule 60(b)(3), but explaining that its holding applied equally to federal prisoners' § 2255 motions), aff'd sub. nom. Gonzalez v. Crosby, 545 U.S. 524, 125 S. Ct. 2641 (addressing a different state prisoner's claim unrelated to Rule 60(b)(3)).[3] However, this exception applies only to allegations of fraud on the federal habeas court, not to allegations of fraud in the trial court of conviction.  See id. at 1284-85; see also Gonzalez, 545 U.S. at 532 n.5, 125 S. Ct. at 2648 n.5 (citing as an example of a defect in the integrity of the federal habeas proceedings a "[f]raud on the federal habeas court").

---

[3]When this Court decided Gonzalez, Rule 60(b) contained a "savings clause" that provided, inter alia, that the rule did not limit a court's power to entertain an independent action to set aside a judgment for fraud upon the court.  See Fed. R. Civ. P. 60(b) (2006).  In 2007, Rule 60 was amended and the savings clause was moved to new subsection (d)(3).  See Fed. R. Civ. P. 60(d)(3) (2007).  Thus, a fraud-on-the-court claim can be brought as an independent action preserved by Rule 60(d)(3) or as a claim under Rule 60(b)(3) if it involves fraud by an opposing party.

**B.    Bueno-Sierra's Rule 60 Motions**

Both of Bueno-Sierra's motions, although couched in terms of Rule 60 and a fraud on the court, are more properly regarded as second or successive § 2255 motions.  Bueno-Sierra's motions sought to raise new substantive claims—namely, that his leadership-role increase in his offense level at sentencing was improper, that he received ineffective assistance of counsel during trial based on a conflict of interest, and that the district court erred by failing to appoint an interpreter to assist Bueno-Sierra at trial.  Bueno-Sierra's motions also attacked the district court's previous merits resolution of his ineffective-assistance interpreter claim in his first § 2255 motion.[4]

Bueno-Sierra argues that his Rule 60 motions were not successive § 2255 motions because they raised a procedural claim—the failure to hold an evidentiary hearing on his original § 2255 motion—rather than substantive claims.  Bueno-Sierra's argument ignores the fact that the district court denied Bueno-Sierra's ineffective assistance claim as to a Spanish interpreter because it was "plainly without merit."  In other words, the district court concluded that Bueno-Sierra was not entitled to relief based on his § 2255 motion and that the record obviated the need for the district court to hold an evidentiary hearing on that issue.  See 28 U.S.C. § 2255(b); Rosin v. United States, 786 F.3d 873, 877 (11th Cir. 2015)

---

[4]We note that the district court denied this claim in Bueno-Sierra's first § 2255 motion both because it was procedurally barred and because it was "plainly without merit."

(explaining that the district court need not grant an evidentiary hearing in a § 2255 proceeding where the motion and the record conclusively show that the prisoner is not entitled to relief).  To challenge the district court's decision not to hold an evidentiary hearing, Bueno-Sierra necessarily would have to challenge the conclusion that his claims were "plainly without merit" based on his § 2255 motion and the record.  Thus, Bueno-Sierra's evidentiary-hearing challenge was substantive, not procedural.

To the extent Bueno-Sierra sought to fit his claims within the fraud exception, his Rule 60 motions alleged fraud that was committed at trial and sentencing, not fraud perpetrated upon the federal court that denied his first § 2255 motion.  Thus, under our precedent, Bueno-Sierra's Rule 60 motions could not fall within the fraud exception to 28 U.S.C. § 2244(b)'s requirements.  See Gonzalez, 366 F.3d at 1284-85.

In any event, Bueno-Sierra's mere labeling of his claims as alleging fraud on the court, while actually arguing that the court—whether the trial court or the § 2255 court—erred in its legal determinations, was insufficient to raise an independent claim of fraud on the court that would not qualify as an unauthorized successive § 2255 motion.  See Booker, 825 F.2d at 283-85 (stating that conclusory allegations of fraud without clear and convincing probative facts supporting the claim do not serve to raise the issue of the existence of fraud).

Moreover, the "fraud" Bueno-Sierra alleged in his motions falls far short of the fraud needed to make a Rule 60(d)(3) fraud-on-the-court claim.  See Rozier v. Ford Motor Co., 573 F.2d 1332, 1338 (5th Cir. 1978) (explaining that fraud on the court involves "only the most egregious misconduct, such as bribery of a judge or members of a jury, or the fabrication of evidence by a party in which the attorney is implicated" (internal quotation marks omitted)).[5]

Because Bueno-Sierra was attempting to raise new claims, and to relitigate previous claims, that challenge the validity of his convictions and sentence, Bueno-Sierra was required to ask this Court to authorize the district court to consider a successive § 2255 motion.  See 28 U.S.C. § 2244(b)(3)(A).  Without such authorization, the district court lacked subject matter jurisdiction to consider either of Bueno-Sierra's Rule 60 motions.  See Farris, 333 F.3d at 1216.  Accordingly, the district court was without jurisdiction to deny Bueno-Sierra's Rule 60 motions. We therefore vacate the district court's April 24, 2017 order denying Bueno-Sierra's Rule 60(d)(3) motion and its May 10, 2017 order denying Bueno-Sierra's Rule 60(b)(6) motion and remand the case to the district court with instructions to dismiss these two Rule 60 motions for lack of subject matter jurisdiction.

**VACATED and REMANDED.**

---

[5]In Bonner v. City of Prichard, 661 F.2d 1206, 1209 (11th Cir. 1981) (en banc), this Court adopted as binding precedent all decisions of the former Fifth Circuit decided before October 1, 1981.

11