[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

————————————————

No. 19-11981
Non-Argument Calendar

————————————————

D.C. Docket No. 1:93-cr-00567-BB-2

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

JORGE ELIECER BUENO-SIERRA,

Defendant-Appellant.

————————————————

Appeal from the United States District Court
for the Southern District of Florida

————————————————

(March 6, 2020)

Before GRANT, HULL, and MARCUS, Circuit Judges.

PER CURIAM:

Jorge Eliecer Bueno-Sierra, a federal prisoner serving a life sentence for

offenses involving the importation and possession of cocaine with intent to

distribute, appeals the district court's denial of his pro se motion to reduce his sentence. We affirm.

## I.

In 1994, Bueno-Sierra was convicted of conspiracy to import cocaine into the United States, conspiracy to possess cocaine with intent to distribute, importation of cocaine into the United States, and possession of cocaine with intent to distribute. In the Presentence Investigation Report (PSR), the probation officer calculated that Bueno-Sierra's offenses involved one attempted shipment of approximately 467 kilograms of cocaine and a second shipment involving approximately 138 kilograms of cocaine. Bueno-Sierra objected to the PSR's statement attributing the drug quantity from the second shipment to him, but did not object to the statement that he was responsible for 467 kilograms of cocaine from the first shipment. The district court noted that the additional 138 kilograms did not change the applicable Sentencing Guidelines range and ultimately imposed a total sentence of life imprisonment as to all four counts of conviction.

We affirmed Bueno-Sierra's convictions and sentence on direct appeal, and the United States Supreme Court denied his petition for certiorari. *United States v. Bueno-Sierra*, 99 F.3d 375, 377 (11th Cir. 1996), *cert. denied*, 520 U.S. 1110 (1997) (Mem.). In the years since his convictions became final, Bueno-Sierra has filed multiple motions attacking his life sentence, including several motions to

vacate his sentence pursuant to 28 U.S.C. § 2255 and a motion to reduce his sentence pursuant to 18 U.S.C. § 3582(c)(2) based on Amendment 782 to the Sentencing Guidelines.  All of Bueno-Sierra's previous postconviction motions were denied or dismissed for lack of jurisdiction.

In April 2019, Bueno-Sierra filed the § 3582(c) motion that is the subject of this appeal, asking the district court to reduce his sentence under the First Step Act of 2018, which made certain provisions of the Fair Sentencing Act of 2010 retroactively applicable.  *See* Pub. Law 115-391, § 404, 132 Stat. 5194, 5222 (2018).  The relevant provisions of the Fair Sentencing Act effectively reduced the minimum sentences applicable to specified offenses involving cocaine base.  *See* Pub. L. No. 111-220, 124 Stat. 2372, § 2 (2010) (amending provisions of 21 U.S.C. § 841(b)(1)).  Bueno-Sierra also argued that he was entitled to a reduction in his sentence under § 3582(c)(2) based on Amendment 750 to the Sentencing Guidelines, which revised the quantity tables for cocaine base in U.S.S.G. § 2D1.1. *See* 18 U.S.C. § 3582(c)(2); U.S.S.G. App. C, amend. 750 (Nov. 2011).  The district court denied Bueno-Sierra's motion, finding that he was not entitled to relief under the First Step Act or Amendment 750 because his offenses involved cocaine, not cocaine base.

Bueno-Sierra's arguments on appeal have nothing to do with the issues he raised in the district court—he does not challenge, or even mention, the district

court's conclusion that he is not eligible for a reduction in his sentence under the First Step Act or Amendment 750.  Instead, he attacks his sentence on the ground that the evidence introduced at trial did not support the quantity of cocaine attributed to him in the PSR, and he argues that the district court should have corrected the "error" in the PSR pursuant to Rule 36 of the Federal Rules of Criminal Procedure.

## II.

Ordinarily, we review a district court's decision regarding a prisoner's statutory eligibility for a sentence reduction de novo.  *See, e.g.*, *United States v. Llewlyn*, 879 F.3d 1291, 1294 (11th Cir. 2018).  But where an appellant fails to challenge any of the bases for the district court's judgment in his initial brief, he has abandoned those issues on appeal and the district court is due to be affirmed. *See United States v. King*, 751 F.3d 1268, 1277 (11th Cir. 2014); *Timson v. Sampson*, 518 F.3d 870, 874 (11th Cir. 2008).

To the extent that Bueno-Sierra argues that the district court should have considered on its own initiative whether the PSR contained an error in the amount of cocaine attributed to him for sentencing purposes, he is incorrect.  Bueno-Sierra's motion did not mention Rule 36 or ask the district court to reconsider the amount of cocaine attributed to him at sentencing.  Moreover, the district court had no jurisdictional mechanism to consider Bueno-Sierra's drug-quantity arguments

because "Rule 36 may not be used 'to make a substantive alteration to a criminal sentence,'" and we have not given Bueno-Sierra permission to file another § 2255 motion. *United States v. Portillo*, 363 F.3d 1161, 1164 (11th Cir. 2004) (citation omitted); *see United States v. Holt*, 417 F.3d 1172, 1175 (11th Cir. 2005).

In any event, we have already considered and rejected Bueno-Sierra's drug-quantity arguments in his appeal from the denial of a previous postjudgment motion. *See United States v. Bueno-Sierra*, 632 F. App'x 605, 605–06 (11th Cir. 2016) (unpublished) (holding in part that by failing to object to statements in the PSR attributing 467 kilograms of cocaine to him, Bueno-Sierra admitted that his offenses involved 467 kilograms of cocaine for sentencing purposes). Our earlier decision on that issue is binding for all subsequent proceedings in Bueno-Sierra's case; it is not subject to reconsideration by the district court. *See United States v. Tamayo*, 80 F.3d 1514, 1520 (11th Cir. 1996) (an appellate decision is binding for all subsequent proceedings in the same case); *see also United States v. Escobar-Urrego*, 110 F.3d 1556, 1560–61 (11th Cir. 1997) (applying the law-of-the-case doctrine in the context of a § 3582(c)(2) motion). We therefore affirm.

**AFFIRMED.**