[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT
_____

No. 15-11262
Non-Argument Calendar
_____

D.C. Docket No. 1:14-cv-02130-MHC

ALEXANDER HARVIN,

Plaintiff-Appellant,

versus

NATIONWIDE TITLE CLEARING,
JP MORGAN CHASE, N.A.,
WARGO FRENCH, LLP,
BARBARA WATKINS,
ERICA LANCE, et al.,

Defendants-Appellees.

_____

Appeal from the United States District Court
for the Northern District of Georgia
_____

(January 28, 2016)

Before WILSON, MARTIN and JORDAN, Circuit Judges.

PER CURIAM:

Alexander Harvin, proceeding pro se, appeals the district court's dismissal of his complaint for failure to state a claim under the Fair Debt Collection Practices Act ("FDCPA") and denial of his motion for limited discovery. On appeal, Harvin argues that the district court erred in dismissing his FDCPA claims because the assignment of his mortgage from his original lender to JP Morgan Chase, N.A. ("Chase") was not a valid contract. Harvin argues that Chase violated the FDCPA by attempting to foreclose on his home without holding a valid security interest in it. Finally, Harvin argues that the district court abused its discretion in denying his motions for limited discovery. For the reasons described below, we affirm.

I.

Mr. Harvin first argues that Chase violated the FDCPA by attempting to foreclose on his home even though the assignment of his mortgage to Chase was not a valid contract. We review a district court's grant of a motion to dismiss de novo, viewing the complaint in the light most favorable to the plaintiff and accepting all of the plaintiff's well-pleaded facts as true. Am. United Life Ins. Co. v. Martinez, 480 F.3d 1043, 1056–57 (11th Cir. 2007). To survive a motion to dismiss, a complaint must contain sufficient facts to state a claim of relief that is facially plausible. Ashcroft v. Iqbal, 556 U.S. 662, 678, 129 S. Ct. 1937, 1949

(2009).  A complaint is insufficient if it contains mere conclusions and assertions that are not developed by further factual enhancement.  Id.  We construe pro se complaints more liberally than formal pleadings drafted by lawyers.  Powell v. Lennon, 914 F.2d 1459, 1463 (11th Cir. 1990).  However, this duty to liberally construe a pro se complaint "is not the equivalent of a duty to re-write it for [the plaintiff]."  Peterson v. Atlanta Hous. Auth., 998 F.2d 904, 912 (11th Cir. 1993).

Under the FDCPA, debt collectors "may not use any false, deceptive, or misleading representation or means in connection with the collection of any debt."  15 U.S.C. § 1692e.  Debt collectors also may not take or threaten to take any nonjudicial action to dispossess someone of property if "there is no present right to possession of the property claimed as collateral through an enforceable security interest."  Id. § 1692f(6)(A).  To state a claim under the FDCPA, a plaintiff must allege that the defendant is a "debt collector" and the challenged conduct is related to debt collection.  Reese v. Ellis, Painter, Ratterree & Adams, LLP, 678 F.3d 1211, 1216 (11th Cir. 2012).

Under Georgia law, a security deed containing the power of sale constitutes a contract that is binding on the parties to the deed.  Giordano v. Stubbs, 184 S.E.2d 165, 167 (Ga. 1971).  A "successor of the grantee in a mortgage . . . or an assignee thereof" may exercise any power of sale contained in the mortgage that could be exercised by the original grantee, unless the mortgage specifically states

3

to the contrary.  O.C.G.A. § 23-2-114.  An assignment is a contract, and third parties do not have standing to challenge the validity of an assignment agreement even if they have an interest in the contract that is the subject of the assignment. Montgomery v. Bank of Am., 740 S.E.2d 434, 438 (Ga. Ct. App. 2013).

Harvin has failed to state a claim under the FDCPA.  He has not alleged sufficient facts to suggest that Chase or any other defendant would be considered a debt collector engaging in debt collection under the FDCPA.  Harvin argues that only the original lender—not Chase—could foreclose on his home by power of sale.

If Chase had no security interest in Harvin's home that gave it power of sale, Chase's foreclosure on Harvin's home could be a violation of the FDCPA.  See 15 U.S.C. § 1692f(6)(A).  However, the language of Harvin's security deed plainly contemplates transfer because it states that the covenants of the deed would bind the "successors and assigns of Lender and Borrower."  The deed expressly grants the power to foreclose and sell to the original lender as well as that lender's "successors and assigns."  Under Georgia law, Chase—as the assignee of Harvin's original lender—could exercise any power of sale contained in the security deed unless the deed specifically stated otherwise.  See O.C.G.A. § 23-2-114.  There is no language in Harvin's deed to suggest the intent to limit the transfer of foreclosure or sale rights to successors or assigns of Harvin's original lender.

4

Harvin's argument also fails because he does not have standing to challenge the assignment from his original mortgage lender to Chase. Chase received an interest in Harvin's mortgage through an assignment contract between Chase and Mortgage Electronic Registration Systems, Inc.—as the nominee for Harvin's original lender—that "conveye[ed], grant[ed], assign[ed], transfer[red] and set over [Harvin's] Security Deed with all interest secured thereby" to Chase. Because Harvin was not a party to that assignment, he lacks standing to challenge the validity of the assignment under Georgia law.[1] See Montgomery, 740 S.E.2d at 438.

## II.

Harvin also argues that the district court abused its discretion by denying his motions for limited discovery, in which he sought to present depositions from other

---

[1] Harvin argues that he has standing to challenge the assignment of his mortgage to Chase because he was a third-party beneficiary of the National Mortgage Settlement. Under this settlement, the Department of Justice and forty-nine state attorneys general entered into a settlement agreement with several large banks to require that home loans be made in strict compliance with federally mandated procedures in order to protect homeowners who defaulted on their mortgages from improper foreclosure. See United States v. Bank of Am., No. 1:12-cv-00361, slip op. at 1–2 (D.D.C. Feb. 12, 2013). Harvin does not have standing as a third-party beneficiary under this settlement because members of the public are merely "incidental" beneficiaries to government contracts intended to benefit the public, and have no right to sue to enforce the government's contract without clear intent to the contrary. See Interface Kanner, LLC v. JPMorgan Chase Bank, 704 F.3d 927, 932–33 (11th Cir. 2013).

Harvin also argues that he has standing to challenge the assignment to Chase because that assignment violated his federal constitutional rights under the Fifth Amendment to not be deprived of his property without due process. Harvin does not have standing to challenge the assignment under the Fifth Amendment because the Fifth Amendment applies only to government action, not private conduct by purely private actors such as Chase. See Jeffries v. Ga. Residential Fin. Auth., 678 F.2d 919, 922 (11th Cir. 1982).

state-court cases on the question of whether the mortgage assignment to Chase was a contract. We review the district court's discovery rulings for abuse of discretion. Josendis v. Wall to Wall Residence Repairs, Inc., 662 F.3d 1292, 1306 (11th Cir. 2011). We will not disturb a district court ruling unless it was based on a clear error of judgment or application of the wrong legal standard. Id. at 1307. In addition, we will not overturn a district court's discovery ruling unless it resulted in substantial harm to the appellant's case. Harrison v. Culliver, 746 F.3d 1288, 1297 (11th Cir. 2014). Because a motion to dismiss raises only questions of law, these challenges should be resolved before discovery begins. World Holdings, LLC v. Germany, 701 F.3d 641, 655 (11th Cir. 2012).

The district court did not abuse its discretion in denying Harvin's motions for limited discovery. The defendants' motions to dismiss involved purely legal questions. The district court did not need to admit evidence to support Harvin's factual allegations in resolving the motions to dismiss, because the district court accepted all of Harvin's well-pleaded assertions as true during review of those motions. See Am. United Life Ins. Co., 480 F.3d at 1057. Further, the depositions Harvin sought to introduce were irrelevant, because he wanted to use them to prove that the assignment to Chase was not a contract. However, an assignment of a security deed is considered a contract under Georgia law. See Montgomery, 740 S.E.2d at 438. The district court's decision to deny Harvin's motion for limited

discovery did not substantially harm his case because Harvin's claim was precluded as a matter of law.

After careful review of the record and consideration of the parties' briefs, we affirm.

**AFFIRMED.**