[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT
_____

No. 16-15416
Non-Argument Calendar
_____

D.C. Docket No. 1:15-cv-04477-MHC

ALEXANDER HARVIN,

Plaintiff-Appellant,

versus

JP MORGAN CHASE BANK N.A.,

Defendant-Appellee.

_____

Appeal from the United States District Court
for the Northern District of Georgia
_____

(August 25, 2017)

Before TJOFLAT, MARTIN and ANDERSON, Circuit Judges.

PER CURIAM:

On May 29, 2003, Alexander Harvin bought a residence in Conyers, Georgia, with the proceeds of a mortgage loan he obtained from SouthTrust Mortgage Corporation.  On October 11, 2013, JP Morgan Chase Bank NA ("Chase") became the assignee of the mortgage.  On July 3, 2014, Harvin sued Nationwide Title Clearing, Chase, and others in the United States District Court for the Northern District of Georgia, claiming that the assignment to Chase was invalid and seeking damages on the theory that Chase "violated the [Fair Debt Collection Practices Act, 15 U.S.C. § 1692(e)] by attempting to foreclose on his home without holding a valid security interest in it."  *Harvin v. Nationwide Title Clearing,* 632 Fed. App'x 599 (11th Cir. 2016).  The District Court dismissed his lawsuit, and Harvin appealed.

While the appeal was pending,[1] Harvin returned to the District Court on December 29, 2015, and filed this action, seeking to enforce the rescission of the 2003 mortgage loan he had allegedly perfected pursuant to the Truth in Lending Act, 15 U.S.C. § 1635(a), and Regulation Z promulgated thereunder, when Chase failed to respond to the notice of rescission he delivered to Chase on February 2, 2015.

---

[1] We affirmed the District Court's dismissal of Harvin's case on January 28, 2016.  *Harvin v. Nationwide Title Clearing,* 632 Fed. App'x 599 (11th Cir. 2016).

2

Chase responded by moving the District Court to dismiss Harvin's complaint.[2]  The Court referred the motion to a Magistrate Judge, and she recommended its dismissal.  The District Court followed her recommendation and entered judgment for Chase.  Harvin appeals, contending that the Court erred in considering documents attached to his complaint (which were referenced in the complaint's allegations), and abused its discretion in staying discovery pending the resolution of Chase's motion to dismiss and in denying his motion for recusal, which was based in part on the Court's dismissal of his complaint in *Harvin v. Nationwide Title Clearing*.  Harvin's contentions are patently meritless.  The District Court's judgment is accordingly

AFFIRMED.

---

[2]  We refer to Harvin's amended complaint.