[DO NOT PUBLISH]

In the

# United States Court of Appeals

## For the Eleventh Circuit

————————————————

No. 22-11643

Non-Argument Calendar

————————————————

ALEXANDER HARVIN,

Plaintiff-Appellant,

*versus*

JPMORGAN CHASE BANK, N.A.,

NATIONWIDE TITLE CLEARING, INC.,

WARGO FRENCH, LLP,

KUTAK ROCK, L.P,

ALDRIDGE PITE, LLP,

Defendants-Appellees.

————————————————

Appeal from the United States District Court
for the Northern District of Georgia
D.C. Docket No. 1:21-cv-03355-MHC

_____

Before JORDAN, BRANCH, and EDMONDSON, Circuit Judges.

PER CURIAM:

Alexander Harvin, proceeding *pro se*,[1] appeals the district court's dismissal -- for failure to state a claim pursuant to Fed. R. Civ. P. 12(b)(6) -- of his *pro se* complaint challenging the 2018 foreclosure proceedings on his home. The district court determined that Harvin's claims were barred by res judicata. No reversible error has been shown; we affirm.[2]

Harvin filed this civil action against Defendants JPMorgan Chase Bank, N.A. ("Chase"), Nationwide Title Clearing

_____

[1] We read liberally appellate briefs filed by *pro se* litigants. *See Timson v. Sampson*, 518 F.3d 870, 874 (11th Cir. 2008). We also construe liberally *pro se* pleadings. *See Tannenbaum v. United States*, 148 F.3d 1262, 1263 (11th Cir. 1998).

[2] Harvin's "Revised Motion for Judicial Notice of Adjudicative Facts" is DENIED. The documents Harvin seeks to have judicially noticed (documents Harvin says pertain to the underlying merits of his claims against Defendants) are not pertinent to whether Harvin's claims were barred by res judicata: the sole issue before us on appeal. *See Dippin' Dots, Inc. v. Frosty Bites Distrib., LLC*, 369 F.3d 1197, 1204 (11th Cir. 2004) (noting that "adjudicative facts" that may be judicially noticed under Fed. R. Evid. 201 "are facts that are relevant to a determination of the claims presented in a case").

("Nationwide"), and three law firms that represented Chase during the challenged legal proceedings (Wargo & French, L.P., Kutak Rock, L.P., and Aldridge Pite, L.P.).  Briefly stated, Harvin contends that the 2013 assignment of a security deed to Chase was fraudulent and thus rendered unlawful Chase's following foreclosure on Harvin's home.  Harvin purported to assert claims against Defendants for (1) violation of the Racketeer Influenced and Corrupt Organizations Act ("RICO"), 18 U.S.C. § 1961; (2) violation of the Georgia RICO Act, O.C.G.A. § 16-14-4; and (3) civil conspiracy to commit fraud.

The district court dismissed Harvin's claims as barred by res judicata.  The district court relied chiefly on a 2014 civil action filed by Harvin in the United States District Court for the Northern District of Georgia: *Harvin v. Nationwide Title Clearing*, No. 1:14-CV-2130-MHC, 2015 U.S. Dist. LEXIS 191680, at *1 (N.D. Ga., Jan. 28, 2015), *aff'd* 632 F. App'x 599 (11th Cir. 2016) ("*Harvin I*").[3]

In *Harvin I*, Harvin filed suit against (among others) Nationwide, Chase, and Wargo French.  Harvin asserted various claims, each of which stemmed from Harvin's allegation that the 2013

---

[3] The district court also listed several civil actions filed by Harvin in the Georgia courts in which Harvin sought to challenge the validity of the 2013 assignment.  The district court noted further that, in several of those cases, the Georgia courts determined that Harvin's claims were barred by res judicata or collateral estoppel.

security-deed assignment was unlawful.[4]   The district court in *Harvin I* dismissed Harvin's complaint for failure to state a claim, concluding (1) that Harvin lacked standing to challenge the 2013 assignment and (2) that Harvin's arguments attacking the validity of the 2013 assignment were without merit.

We review *de novo* a district court's decision that a claim is barred by res judicata. *See Ragsdale v. Rubbermaid, Inc.*, 193 F.3d 1235, 1238 (11th Cir. 1999).   We review for clear error a district court's factual determination that a party is in privity with another for purposes of res judicata. *See Griswold v. Cty. of Hillsborough*, 598 F.3d 1289, 1292 (11th Cir. 2010).

"Res judicata bars the filing of claims which were raised or could have been raised in an earlier proceeding." *Id.*   A claim is barred by earlier litigation if these four elements are met: "(1) there is a final judgment on the merits; (2) the decision was rendered by a court of competent jurisdiction; (3) the parties, or those in privity with them, are identical in both suits; and (4) the same cause of action is involved in both cases." *Id.*

---

[4] Harvin purported to assert claims under the Fair Debt Collection Practices Act, 15 U.S.C. § 1692; the Truth in Lending Act, 15 U.S.C. § 1641; the Fair Credit Reporting Act, 15 U.S.C. § 1681; the Federal False Claims Act, 31 U.S.C. § 3729; and the Georgia Fair Business Practices Act, O.C.G.A. § 10-1-390. Harvin also asserted claims for conspiracy to commit fraud, mail fraud, and theft of property.

That the first two elements are met is clear. *Harvin I* resulted in a dismissal with prejudice under Fed. R. Civ. P. 12(b)(6): a final judgment on the merits rendered by a court of competent jurisdiction.

About the third element, the district court committed no clear error in determining that the Defendants in this case are identical to, or in privity with, the defendants involved in *Harvin I*. Nationwide, Chase, and Wargo French were named as defendants in both *Harvin I* and in this civil action. Although Aldridge Pite and Kutak Rock were not defendants in *Harvin I*, the district court determined reasonably that they were in privity with Chase: the client for whom these two law firms performed the alleged complained-of conduct. *See Griswold*, 598 F.3d at 1292 (noting that privity exists for res judicata purposes when there exists a "substantive legal relationship" between a non-party and a party to an earlier judgment).

The district court also concluded correctly that Harvin's present civil action and *Harvin I* involved the same cause of action under the fourth res judicata element. "[C]ases involve the same cause of action for purposes of res judicata if the present case arises out of the same nucleus of operative fact, or is based on the same factual predicate, as a former action." *Israel Disc. Bank Ltd. v. Entin*, 951 F.2d 311, 315 (11th Cir. 1992) (quotation omitted). "The test for a common nucleus of operative fact is whether the same facts are involved in both cases, so that the present claim could have been effectively litigated with the prior one." *Lobo v.*

*Celebrity Cruises, Inc.*, 704 F.3d 882, 893 (11th Cir. 2013) (quotation omitted).

Here, Harvin's claims in this civil action and his claims in *Harvin I* arise from the same nucleus of operative fact and revolve around the same factual issue: the validity of the 2013 security-deed assignment. That Harvin sought relief under different legal theories in this case and in *Harvin I* does not change the conclusion that both civil actions involved the same cause of action. *See Baloco v. Drummond Co.*, 767 F.3d 1229, 1247 (11th Cir. 2014) ("[R]es judicata applies not only to the precise legal theory presented in the prior case, but to all legal theories and claims arising out of the same nucleus of operative fact which could have been raised in the prior case." (brackets omitted)).

We see no error in the district court's determination that Harvin's complaint was subject to dismissal as barred by res judicata; we affirm.

AFFIRMED.