**NOT FOR PUBLICATION**

In the

# United States Court of Appeals

## For the Eleventh Circuit

_____

No. 25-10687

Non-Argument Calendar

_____

ALEXANDER HARVIN,

*Plaintiff-Appellant,*

*versus*

JPMORGAN CHASE BANK, N.A.,

NATIONWIDE TITLE CLEARING, INC.,

WARGO & FRENCH, LLP,

KUTAK ROCK LLP,

ALDRIDGE PITE, LLP,

*Defendants-Appellees.*

_____

Appeal from the United States District Court
for the Northern District of Georgia
D.C. Docket No. 1:21-cv-03355-MHC

_____

Before ROSENBAUM, GRANT, and TJOFLAT, Circuit Judges.

2　　　　　　　　　Opinion of the Court　　　　　　　25-10687

PER CURIAM:

Alexander Harvin, proceeding pro se, appeals the District Court's denial of his Rule 60(b)(6) Motion for Relief from Judgment. We affirm.[1]

## I.

Over the course of many years, Harvin has brought multiple actions challenging the assignment of a security deed in his property and the subsequent foreclosure of the property.[2] Briefly stated, he maintains that the assignment of the deed was fraudulent, which made the subsequent foreclosure unlawful. Two of these suits are relevant here.

On July 3, 2014, Harvin sued JPMorgan Chase Bank, N.A. (Chase); Nationwide Title Clearing, Inc. (Nationwide); Wargo & French, LLP (Wargo); Barbara Watkins; Erika Lance; Latoya Jack-

---

[1] In their response briefs, the appellees move for sanctions against Harvin pursuant to Federal Rule of Appellate Procedure 38, arguing that Harvin's claims are clearly frivolous. This motion is **DENIED WITHOUT PREJUDICE** as it was made in the briefs, not in a separately filed motion. *See* Fed. R. App. P. 38 ("If a court of appeals determines that an appeal is frivolous, it may, after a separately filed motion or notice from the court and reasonable opportunity to respond, award just damages and single or double costs to the appellee.").

[2] *See, e.g.*, *Harvin v. JP Morgan Chase, N.A.*, No. 1:14-CV-2130-TCB, 2014 WL 12599791 (N.D. Ga. Oct. 3, 2014); *Harvin v. JP Morgan Chase Bank N.A.*, 696 F. App'x 987 (11th Cir. 2017); *Harvin v. JP Morgan Chase Bank, N.A.*, No. 1-15-cv-4477, 2016 U.S. Dist. LEXIS 190282 (N.D. Ga. Aug. 1, 2016); *Harvin v. Gov't Nat'l Mortg. Ass'n Pool # 594726*, No. 1:17-cv-5538 (N.D. Ga. 2017).

son; David Pernini; Dustin Sharpes; Shanon McGinnis; and Tommie Nelson. He alleged violations of the Fair Debt Collection Procedure Act, violations of the Fair Credit Reporting Act, fraud, and conspiracy to commit fraud based on the assignment and foreclosure. This action, *Harvin I*, was dismissed with prejudice pursuant to Rule 12(b)(6).

Later, Harvin filed the instant suit, *Harvin II*, on August 16, 2021, against Chase; Nationwide; Wargo; Kutak Rock LLP; and Aldrige Pite, LLP. He alleged violations of the federal Racketeer Influenced and Corrupt Practices Act, violations of the Georgia Racketeer Influenced and Corrupt Organizations Act, and civil conspiracy—again based on the assignment and foreclosure. The District Court granted the defendants' motions to dismiss on April 27, 2022, finding that the *Harvin II* claims were barred by res judicata based on *Harvin I*.

The Court explained that *Harvin I* "resulted in a dismissal with prejudice pursuant to Rule 12(b)(6) which is a final judgment on the merits," that it issued that dismissal and was a court of competent jurisdiction, that the defendants there were "either identical to or in privity with" the *Harvin II* defendants, and that the claims in both cases "constitute the same cause of action . . . because they arise from the same nucleus of operative fact and are premised upon resolution of the same factual issue." The District Court dismissed *Harvin II*. Our Court affirmed the dismissal in an unpublished opinion on April 12, 2023, and the United States Supreme Court denied cert.

4                          Opinion of the Court                    25-10687

Harvin then brought the instant Rule 60(b)(6) motion for relief from the *Harvin II* judgment. He argued that the District Court erred in dismissing his *Harvin II* claims under res judicata because it failed to make an independent finding that he had a full and fair opportunity to litigate. He maintained that *Rodemaker v. City of Valdosta Board of Education*, 110 F.4th 1318 (11th Cir. 2024), which was decided after our Court affirmed *Harvin II*, requires the District Court to make an independent finding that the party had a full and fair opportunity to litigate, that the District Court made no such finding, and that he had no such opportunity.[3] The District Court denied Harvin's motion, finding that it had no merit. It stated that *Rodemaker* does not require a district court, when conducting a res judicata analysis, to make an independent finding of a full and fair opportunity to litigate[4] and that Harvin did not present extraordinary circumstances required for Rule 60(b)(6) relief. Harvin timely appeals.

---

[3] Harvin also stated that our Court's affirmance of *Harvin II* was not binding because it was unpublished, so the District Court did not have to follow it. We note that, though our "[u]npublished opinions are not considered binding precedent," 11th Cir. R. 36-2, a court's judgment does bind the actual parties to the suit. *Original Brooklyn Water Bagel Co. v. Bersin Bagel Grp., LLC*, 817 F.3d 719, 727 (11th Cir. 2016).

[4] The District Court further explained that the question in *Rodemaker* concerned the standard of review the appellate court must use when evaluating the district court's decision of "whether sufficient privity exists to apply the doctrine of res judicata." It stated that *Rodemaker* directs the appellate court to use the clear error standard, that our Court did use that standard in *Harvin II*, and that, even if we hadn't, Rule 60(b)(6) relief would not be warranted as "it

## II.

We review a district court's denial of a Rule 60(b) motion for abuse of discretion,[5] and our review is limited to the denial of the motion; it "does not bring up the underlying judgment for review." *Rice v. Ford Motor Co.*, 88 F.3d 914, 919 (11th Cir. 1996). A district court abuses its discretion when it "applies an incorrect legal standard, applies the law in an unreasonable or incorrect manner, follows improper procedures in making a determination, or makes findings of fact that are clearly erroneous." *Diveroli v. United States*, 803 F.3d 1258, 1262 (11th Cir. 2015) (internal quotation marks omitted).

Rule 60(b) allows a party to seek relief from judgment or reopen a case based on limited circumstances, including (1) mistake or excusable neglect; (2) newly discovered evidence; (3) fraud; (4) a void judgment; (5) a discharged judgment; or, as relevant here, (6) "any other reason that justifies relief." Fed. R. Civ. P. 60(b). Relief under the "catch-all provision" of Rule 60(b)(6) is an "extraordinary remedy," and the party invoking it must show "exceptional circumstances" and that, "absent such relief, an 'extreme' and 'unexpected' hardship will result." *Griffin v. Swim-Tech Corp.*, 722 F.2d

---

is long-standing precedent that an intervening change in the law does not establish an extraordinary circumstance" under Rule 60(b)(6).

[5] Harvin states that the standard of review is de novo. We disagree. Though, on direct appeal, we review de novo a district court's decision that a claim is barred by res judicata, *Ragsdale v. Rubbermaid, Inc.*, 193 F.3d 1235, 1238 (11th Cir. 1999), we review denials of Rule 60(b) motions for abuse of discretion, *Rice*, 88 F.3d at 919.

677, 680 (11th Cir. 1984) (citations omitted). Even then, "whether to grant the requested relief is a matter for the district court's sound discretion." *Galbert v. W. Caribbean Airways*, 715 F.3d 1290, 1294 (11th Cir. 2013) (internal quotation marks omitted). In other words, the burden on appeal is heavy, and, to prevail, the party "must demonstrate a justification [for relief] so compelling that the district court was required to [grant the motion]," not just that a grant of the motion "might have been permissible or warranted." *Cano v. Baker*, 435 F.3d 1337, 1342 (11th Cir. 2006) (alterations adopted) (internal quotation marks omitted). Further, a change in the law after the party's case is no longer pending is "hardly extraordinary," so it does not justify relief. *Gonzalez v. Crosby*, 545 U.S. 524, 536, 125 S. Ct. 2641, 2650 (2005).

A claim related to a prior decision is barred by res judicata "when the prior decision (1) was rendered by a court of competent jurisdiction; (2) was final; (3) involved the same parties or their privies; and (4) involved the same causes of action." *Rodemaker*, 110 F.4th at 1324 (internal quotation marks omitted). The purpose of this doctrine is to "preclude parties from contesting matters that they have had a full and fair opportunity to litigate and to protect against the expense and vexation attending multiple lawsuits, conserve judicial resources, and foster reliance on judicial action by minimizing the possibility of inconsistent decisions." *Rodemaker*, 110 F.4th at 1327 (internal quotation marks omitted).

Harvin reads the preceding paragraph to turn the four-part res judicata test into a five-part test. But such a reading contorts

25-10687                 Opinion of the Court                      7

*Rodemaker* and ignores its plain language. Under the doctrine of res judicata, the District Court need not make an independent finding that the party had a full and fair opportunity to litigate; the four-part test that the doctrine follows tells us if a full and fair opportunity was had. And even if *Rodemaker* did amend the res judicata test, it would have been a change in law after *Harvin II* was no longer pending and, thus, would not have been extraordinary enough to warrant Rule 60(b)(6) relief.[6] *See Gonzalez*, 545 U.S. at 536, 125 S. Ct. at 2650.

Here, the District Court, applied the required four-part test in its res judicata analysis. It found that (1) a final decision was made, (2) by a court of competent jurisdiction, (3) involving the same parties or their privies, and (4) resolving the same causes of action. That was all it was required to do; those findings together mean that a full and fair opportunity to litigate was had.

Further, those findings were correct. *Harvin I* was dismissed with prejudice pursuant to Rule 12(b)(6), which is a final judgment on the merits. It was undisputed that the District Court that dismissed the case was a court of competent jurisdiction. The defendants in *Harvin I* included, among others, Nationwide, Chase, and Wargo, which are also defendants in *Harvin II*. And the remaining two *Harvin II* defendants, Kutak Rock and Aldridge Pite, are privies

---

[6] Harvin does not argue that *Rodemaker* created an intervening change in law, but that, instead, it was "prior precedent that the district court must follow." That reading is frankly impossible as *Rodemaker* was decided after *Harvin II* was affirmed.

of Chase as the claims against them are based on their representation of Chase in foreclosure and post-foreclosure proceedings against Harvin. *See Griswold v. Cnty. of Hillsborough*, 598 F.3d 1289, 1292 (11th Cir. 2010) ("A court may apply nonparty preclusion if . . . a substantive legal relationship existed between the person to be bound and a party to the judgment."). Finally, the *Harvin II* claims arise out of the same nucleus of operative fact and are premised on the resolution of the same factual issue as *Harvin I*: whether the 2013 assignment was valid. Harvin, thus, had a full and fair opportunity to litigate his claims. He has not shown "exceptional circumstances" that would result in "extreme and unexpected hardship" absent relief.[7]

### III.

The District Court did not abuse its discretion in denying Harvin's Rule 60(b)(6) motion. We affirm.

**AFFIRMED.**

---

[7] Harvin's remaining arguments attempt to challenge the substance of the *Harvin I* decision. These arguments are not properly before our Court, so we will not entertain them. *See Rice*, 88 F.3d at 919.